27 A.3d 213 (2011)
422 N.J. Super. 123
Tadeusz JATCZYSZYN, Plaintiff-Appellant,
v.
MARCAL PAPER MILLS, INC., Defendant, and
Genie Terex Corporation, and United Rentals, Defendants-Respondents.
DOCKET NO. A-0938-09T1
Superior Court of New Jersey, Appellate Division.
Telephonically Argued November 30, 2010.
Decided September 9, 2011.
*214 Evan L. Goldman, Hackensack, argued the cause for appellant (Schiffman, Abraham, Kaufman & Ritter, attorneys; Mr. Goldman, on the brief.)
Patrick E. Bradley, Princeton, argued the cause for respondent Genie Terex Corporation (Reed Smith, attorneys; Edward J. Mullins, III, Roseland, on the brief).
William C. Carey, Morristown, argued the cause for respondent United Rentals (McElroy, Deutsch, Mulvaney & Carpenter, attorneys; Mr. Carey, on the brief).
Before Judges FUENTES, GILROY and NUGENT.
The decision of the court was delivered by
FUENTES, J.A.D.
Plaintiff Tadeusz Jatczyszyn appeals from the order of the Law Division dismissing his products liability cause of action by granting defendants' motion for summary judgment. We reverse. The trial court erred when it failed to appreciate how this case's unusual procedural journey denied plaintiff the full discovery time he is entitled to receive under our civil case-tracking system.
Although we recognize the difficulty, and indeed outright tedium, associated with a date-by-date recitation of the events that led to this appeal, deciding the issues before us depends upon a comprehensive and meticulous review of the procedural history of this litigation.

I
Plaintiff began working as a mechanic for Marcal Paper Mills, Inc. (Marcal) in July 1998. On October 25, 2005, plaintiff was injured while working at Marcal's Elmwood Park, New Jersey site. He was assisting a co-worker who was using a mechanical lift vehicle to repair a building leak when the lift suddenly moved and struck plaintiff's leg, causing him severe injuries. The lift was manufactured by Genie Industries, Inc. and Terex Corporation (Genie/Terex). At the time of the accident, the lift was owned by United Rentals (United) and leased to Marcal.
On October 17, 2007, plaintiff filed a complaint in Bergen County Superior Court against Genie/Terex, United, and Marcal[1] alleging strict liability claims based on manufacturing and design defects and failure to warn. Plaintiff contends the *215 lift involved in the accident was defective because it did not have a properly operating alarm mechanism to alert bystanders to reverse movement. Pursuant to Rule 4:18-1, the complaint included a demand for answers to form interrogatories and for the production of various documents relating both to the lift and to the accident itself.
Pursuant to Rule 4:5A-2(a), the court sent a track assignment notice dated October 18, 2007, assigning the case to Track III. The notice informed the parties that they had 450 days to complete discovery commencing from the date of the first answer "or 90 days from service on the first defendant, whichever comes first." R. 4:24-1(a). United filed its answer on November 29, 2007. In lieu of an answer, Genie/Terex filed a notice on December 5, 2007, to remove the case to the United States District Court for the District of New Jersey on diversity grounds.
On December 11, 2007, the District Court entered an order setting a scheduling conference for March 3, 2008, and instructing the parties to submit a joint discovery plan no later than seven days prior to the conference date. Genie/Terex filed its answer in District Court on December 27, 2007. On February 8, 2008, plaintiff filed a notice of motion to remand the matter to the Superior Court, Law Division. Genie/Terex filed opposition to the motion on February 19, 2008, and plaintiff filed his reply on February 26, 2008.
The March 3, 2008 scheduling conference was never held. On September 8, 2008, United States District Court Judge Peter Sheridan granted plaintiff's motion and remanded the case to Bergen County Superior Court. On October 8, 2008, a month after the District Court's remand order, plaintiff served defendants with a notice to produce documents. On October 15, 2008, Genie/Terex filed in the Law Division the responsive pleadings previously filed in the United States District Court.
On December 20, 2008, the court sent plaintiff a "discovery end date reminder," stating that the discovery period was set to close on February 25, 2009. The notice also indicated that "[i]f additional discovery is needed, appropriate application to the Court must be made pursuant to R. 4:24-1(c). Otherwise discovery will be deemed complete on the above date and the case will be scheduled for arbitration or trial with no adjournments thereafter granted absent exceptional circumstances." On February 25, 2009, plaintiff requested a sixty-day extension of the discovery period, with the consent of all parties, pursuant to Rule 4:24-1(c). Although the appellate record does not include an order granting plaintiff's request, the civil case automated tracking system indicates the discovery end-date was thereafter extended to April 26, 2009.
On January 12, 2009, approximately three weeks before submitting the extension of discovery, plaintiff served a second notice to produce documents on defendants, demanding:
(1) [A]ny and all documents reflecting plans and specifications for Genie Model Z-34/22, Serial Number 571.
(2) [A]ny and all documents reflecting plans and/or specifications for "back up chime tone alarm" for Genie Model Z-34/22, Serial Number 571.
(3) [A]ny and all documents regarding Service Requirements and/or suggested service for Genie Model Z-34/22, Serial Number 571.
(4) [A]ny documents regarding prior problems with any backup alarm chime tone on any other similar Genie lift. These documents should include any problems with the alarm chime tone being *216 clogged with dirt, dust, or other material preventing its proper use.
(5) [A]ny plans and/or specifications and/or design drawings for the back up alarm chime tone on Genie Model Z-34/22.
Plaintiff's counsel followed up with a letter to counsel for Genie/Terex dated January 13, 2009, stating that he was providing Genie/Terex with a number of relevant documents, including:
(1) Purchase Order for Genie Model Z-34/22, Serial Number 571.
(2) Service Parts Order No. 39162.
(3) Accident Investigation Reports/Reviews prepared by Marcal.
(4) United Rental Work Order Dated October 31, 2005.
(5) Copy of check from Marcal to United Rentals in the amount of $1,972.47.
(6) Four Safety Inspection & Maintenance Reports by United Rentals for Genie Model Z34/22 Lift, Serial Number 571.
Genie/Terex responded on February 19, 2009, claiming that "[p]laintiff ... failed to respond to the New Jersey form interrogatories as required by Rule 4:17-1 and ... failed to identify the make and model of the product at issue in this litigation." Genie/Terex also objected to the discovery requests made by plaintiff because "on information and belief, no Genie product was involved in the incident that is the subject of [the] litigation." According to Genie/Terex, plaintiff's demands were "neither relevant nor reasonably calculated to lead to discovery of admissible evidence."
By letter dated March 5, 2009, plaintiff requested Genie/Terex provide substantive responses to the notices to produce. Plaintiff's counsel maintained that, although some of the documents provided by Marcal identified a "snorkel" rather than a Genie/Terex as the lift involved in the accident,[2] other documents reference repairs and the installation of an alarm on a Z-34/22 Genie lift, serial number 571, identifying Genie/Terex as the manufacturer.[3] Based on this preliminary investigation, plaintiff's counsel contended Genie/Terex was "required to provide the information requested, even if ultimately it is determined that this piece of equipment was not involved in the accident." By letter dated April 20, 2009, plaintiff also requested that Genie/Terex "produce ... a person who has knowledge [of] or who is responsible for the design of Genie/Terex Lift Model Z-34/22, Serial Number 571" to submit to a deposition. Plaintiff claims Genie/Terex did not respond to these requests.
On April 30, 2009, the court sent a notice to the parties setting July 13, 2009, as the trial date for this case. On May 6, 2009, plaintiff's counsel sent a letter to the judge assigned to try the case explaining the procedural history of the case, informing the judge of the discovery that had taken place up to that point, and refuting the objections raised by defendants. Counsel emphasized that the trial date notice was the first communication he had received from the court after he had filed the request for an "automatic" sixty-day extension of discovery by consent.
In this letter plaintiff's counsel acknowledged that he should have filed another motion to extend discovery. Counsel argued, however, that plaintiff should not be prejudiced by defendants' failure to respond *217 to discovery requests in a timely fashion. Plaintiff's counsel requested the court schedule a case management conference "in the near future" because it was unlikely that the discovery remaining could be completed by the July 2009 trial date.
By letter dated May 11, 2009, Genie/Terex's counsel responded to plaintiff's letter, arguing that plaintiff's request was untimely because the time for discovery had ended and a trial date had been set. Defense counsel maintained that plaintiff had not come forward with "any exceptional circumstances to justify the extension." Defendants moved for summary judgment four days later. Plaintiff responded by filing a motion seeking to extend discovery to January 8, 2010, as well as opposing defendants' summary judgment motion.
For reasons that are not disclosed on this record, the trial court's civil case management system assigned defendants' summary judgment motion to a different judge, while making plaintiff's motion for an extension of discovery returnable before the judge originally designated to try the case.
On June 12, 2009, the judge designated to try the case issued an order adjourning the trial date until September 14, 2009, and extended discovery for an additional sixty days, to August 11, 2009. In the statement of reasons supporting his decision, the judge indicated he granted the extension by "relax[ing] the Rules to afford some relief." The judge found, however, that "plaintiff has not demonstrated `exceptional circumstances'" because he had received 450 days of discovery plus a sixty day extension. Thus, "[a]n extension until January 8, 2010 [as requested by plaintiff] is clearly not warranted under the circumstances" and "any further extensions of discovery will be subject to the `exceptional circumstances' standard." The judge assigned to decide defendants' summary judgment motion denied the motion on June 16, 2009, based on the extension of discovery.
By letter dated June 17, 2009, defendants again requested plaintiff respond to form interrogatories to "resolve any outstanding issue of product identification." Plaintiff's counsel responded by letter dated June 23, 2009, reiterating his prior requests for documentation on the Genie Z-34/22N lift. According to counsel, plaintiff "look[ed] at a photograph of the Z-34/22N lift" and "identified the Genie lift as the one he believes caused the accident." Counsel again requested defendants identify, for deposition purposes, "an individual who is familiar with the design of the Genie lift in question." On July 21, 2009, Genie/Terex sent plaintiff's counsel amended responses to plaintiff's notice to produce and interrogatories.
With discovery scheduled to end on August 11, 2009, plaintiff's counsel again contacted defense counsel by letter dated August 6, 2009, putting them on notice of plaintiff's intent to file a motion to extend discovery. On August 7, 2009, plaintiff filed a motion seeking an additional 120 days of discovery and requesting that the court strike the responsive pleading filed by United for its failure to comply with discovery. Genie/Terex supplied additional supplemental answers to interrogatories on August 11, 2009. United and Genie/Terex thereafter filed motions for summary judgment, along with oppositions to plaintiff's motion to extend discovery.
In his reply to these summary judgment motions, plaintiff's counsel included an "initial" expert report prepared by a member of an engineering firm, which opined as follows:
It is my professional engineering opinion and within reasonable engineering certainty that had Genie Industries, Inc. and Terex Corporation designed a travel *218 alarm to be used on their lift that would remain operation [sic] in all environments the accident would not have happened because Mr. Jatczyszyn would have been given ample warning that [the lift] was about to move and made the necessary change to his position and moved out of harms way.
The report concluded with the following caveat:
This report is entitled preliminary report as there are hundreds of pages of documents just recently produced by Genie/Terex that I have been unable to review and comment on. If given the opportunity I will be able to prepare a much more detailed report. Nevertheless, based upon a preliminary review of the materials forwarded to me the opinions above are based upon sound engineering principles.
The judge assigned to try the case denied plaintiff's motion to extend discovery. The judge found "discovery ended on August 11, 2009 and was extended two (2) times." The judge reaffirmed his prior ruling, and again concluded plaintiff had not demonstrated "exceptional circumstances" for the relief requested.
Based on this ruling, defendants again moved for summary judgment. These motions were made returnable before the same judge who had denied the prior summary judgment motions. Plaintiff's opposition to the motions included a copy of the "initial" expert report. Oral argument was heard on September 10, 2009. Immediately thereafter, the judge granted summary judgment to both defendants, finding plaintiff's "initial" expert report was submitted after the discovery end date of August 11, 2009. The judge also deemed the report to be an inadmissible net opinion.

II
Plaintiff argues the court erred in denying his second motion to extend discovery because he was never afforded the 450 days of discovery available under Track III as defined by Rule 4:24-1(a). Because the standards governing discovery in federal court and state court are different, plaintiff argues the court erred in calculating the discovery period from the date when United filed its answer (November 29, 2007), which predated defendants' removal motion. According to plaintiff, following remand, the Track III discovery period should have started to run from the date Genie/Terex filed its answer in state court on October 15, 2008. Based on his calculation, plaintiff only received approximately 300 days of discovery (October 15, 2008August 11, 2009) rather than the 450 days available under Track III. Discovery, according to plaintiff, should have continued through approximately January 8, 2010.
Defendants argue the trial court properly applied the "exceptional circumstances" standard to deny plaintiff's request for a further extension of discovery. Defendants assert that under Rule 4:24-1(a) there is no basis to exclude the time a case spends while removed to the federal District Court from the 450 days of discovery allowed under Track III. Genie/Terex further argues that plaintiff could have begun the process of discovery while his motion for remand was pending in federal court.
We review a trial court's denial of an extension for discovery under an abuse of discretion standard. Bender v. Adelson, 187 N.J. 411, 428, 901 A.2d 907 (2006). We thus "generally defer to a trial court's disposition of discovery matters unless the court has abused its discretion or its determination is based on a mistaken understanding of the applicable law." Rivers v. LSC Partnership, 378 N.J.Super. *219 68, 80, 874 A.2d 597 (App.Div.), certif. denied, 185 N.J. 296, 884 A.2d 1266 (2005).
This case presents a procedural riddle that cannot be readily solved by a straightforward, mechanical application of our rules setting discovery periods in civil disputes. Namely, after a civil action has been removed to federal court, does the discovery period previously established by state court rules continue to run during the time a motion to remand is pending before the federal court? After carefully considering the matter, we hold the answer is "no."
In denying plaintiff's request for an extension of discovery, the trial court failed to consider the effect the removal to federal court and subsequent remand to the Superior Court had on the calculation of the discovery period provided under Rule 4:24-1(a). This error led the court to conclude that the Track III 450-day period started to run on November 29, 2007, when United filed its answer in state court prior to the case's removal to the federal district court.
In the period between removal of a case to federal court and the grant of a motion to remand to state court, the federal court maintains sole jurisdiction over the litigation. As stated in 28 U.S.C. § 1446(d):
Promptly after the filing of [a] notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

[(Emphasis added).]
In addition, under Fed.R.Civ.P. 81(c)(1), the federal rules of procedure, including all rules pertaining to discovery, apply to civil actions once they are removed from a state court. Once federal jurisdiction is established, any discovery schedule under our State court's rules cannot continue to run because the litigation is governed by a different and preeminent set of procedural rules.
There are also substantive differences between the federal rules of discovery and those governing civil disputes in our state courts. Fed.R.Civ.P. 26(a)(1) sets forth a series of initial disclosures parties are required to make without a formal discovery request; the rules governing our state courts do not contain a similar provision. Fed.R.Civ.P. 33(a)(1) limits the number of interrogatories a party may serve to "no more than 25 written interrogatories, including all discrete subparts." By contrast, under Rule 4:17-1(b), except in limited situations, "parties shall be limited to the interrogatories prescribed by Forms A, B and C ... provided, however, that each party may propound ten supplemental questions, without subparts, without leave of court."
Most significant, and directly relevant to the question before us, are the differences between the federal and our State rules concerning the timing and sequence of discovery. Under Fed.R.Civ.P. 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed.R.Civ.P. 26(f) requires the parties to meet and confer "at least 21 days before a scheduling conference is held" to discuss the "nature and basis of their claims and defenses," consider the "possibilities for promptly settling or resolving the case," and "develop a proposed discovery plan." This plan is then presented to the court and establishes the timeline for the subsequent course of discovery. Ibid.
There is no State analog to this approach. Rule 4:24-1(a) only establishes a "discovery track" system in which cases *220 are assigned a discovery period based on their complexity; these tracks mandate a specific period of time within which discovery is to be completed. Rule 4:24-1(c) establishes guidelines for extending the discovery period in three circumstances. First, it allows for an initial sixty-day extension requiring only a stipulation that all parties consent, provided the extension is sought prior to the expiration of the discovery period. Ibid. Second, it requires parties to file a motion to extend the time for discovery if the parties do not agree to consent to an extension or a longer extension is sought, provided the return date of the motion is set prior to the expiration of the discovery period. Ibid. Finally, it states that "[n]o extension of the discovery period may be permitted after an arbitration or trial date is fixed, unless exceptional circumstances are shown." Ibid.
These substantive differences illustrate the incompatibility of the two procedural schemes. A litigant whose case has been removed to federal court cannot adhere to the state procedural scheme without risking being in violation of the federal rules. Under the clear language of 28 U.S.C. § 1446(d), once a state case has been removed to federal court "the State court shall proceed no further unless and until the case is remanded."
With these principles in mind, we now return to the facts presented here. Despite the District Court's order setting a scheduling conference for March 3, 2008, and instructing the parties to submit a joint discovery plan no later than seven days prior to the conference date, no discovery took place during this latency period and the conference did not occur. Although plaintiff could have sought to compel enforcement of this order, it is highly unlikely the District Court would have acted on this application while the motion for remand was pending.
The Superior Court regained jurisdiction only after the District Court remanded the case. Given the absence of discovery while the case was in the federal system, the interests of justice are served by tolling the discovery period established under Track III during the time the Superior Court lacked jurisdiction over the litigation. Tolling of the state rules during this latency period would also preclude the prejudice caused to a plaintiff who spends considerable time and effort drafting a federal discovery plan that ends up being invalidated by a state court upon remand. Such a scenario places a plaintiff in a procedurally disadvantageous position as compared to a litigant who brings an identical claim against a defendant who chooses not to remove the case to federal court.
Under this analysis, the Track III discovery period should have started to run from the date Genie/Terex filed their answer in state court on October 15, 2008. The court erred by fixing the date United filed its answer on November 29, 2007, as the starting point because this event predated defendants' motion to remove the case to federal court. Because this error denied plaintiff the full 450 days of discovery he is entitled to receive under Track III, the exceptional circumstances standard does not apply.
The erroneous denial of discovery time also deprived plaintiff's engineering expert the opportunity to review the "hundreds of pages" of documents then recently provided by defendants concerning the lift involved in the accident. This was the key factor in the court's decision finding the expert's report to be merely a net opinion, devoid of the factual analysis necessary to sustain its ultimate conclusions. Tynes v. St. Peter's Univ. Med. Ctr., 408 N.J.Super. 159, 172, 973 A.2d 993 (App.Div.), certif. denied, 200 N.J. 502, 983 A.2d 1110 (2009).
*221 We thus vacate the order granting defendants' summary judgment motions and reverse the order denying plaintiff's request for additional discovery. We remand for the court to enter an order reflecting the additional discovery time plaintiff is entitled to receive consistent with this opinion. The trial court may also address such other matters as it deems necessary in a comprehensive case management order.
Reversed and remanded. We do not retain jurisdiction.
NOTES
[1] Plaintiff's claims against Marcal were dismissed on January 21, 2009. Marcal is not a part of this appeal because plaintiff is not contesting that order.
[2] This appears to refer to the Accident/Incident Investigation Report, which mentions "the snorkel" without specifically referencing a Genie lift.
[3] A purchase order reflects charges to Marcal for "labor, tools & equipment to repair" both a Genie lift, Model Z-34/22, Serial Number 571, and a Snorkel lift, and the installation of alarms on both.