# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0876-24
A-0899-24

E.F.F.,[1]

     Plaintiff-Appellant,

v.

E.H.F. and Y.P.F.,

     Defendants-Respondents.

_____

E.H.F. and Y.P.F.,

     Plaintiffs-Respondents,

v.

E.F.F.,

     Defendant-Appellant.

_____

Submitted January 29, 2026 – Decided April 20, 2026

Before Judges Bishop-Thompson and Puglisi.

---

[1] We use initials to protect the parties' privacy interests. R. 1:38-3(a)(2).

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket Nos. L-1250-22 and L-0380-23.

E.F.F., self-represented appellant.

Szaferman, Lakind, Blumstein & Blader, PC, attorneys for respondents (Kristine Dress Brown and Daniel S. Sweetser, of counsel and on the brief).

PER CURIAM

These appeals arise from an intrafamily dispute, which we have consolidated for the purpose of issuing a single opinion. Appellant E.F.F. filed a lawsuit against his parents, respondents E.H.F. and Y.P.F., under Docket No. L-1250-22 (2022 Action), alleging abuse at a mental health treatment center in Utah during 1996 and 1997. The matter was settled in April 2022 as memorialized in a confidential settlement agreement and full release (2022 Settlement Agreement). The parties subsequently filed a stipulation of dismissal with prejudice.

Respondents filed an action against appellant under Docket No. L-0380-23 (2023 Action), to compel him to obtain medical and dental insurance pursuant to the terms of the 2022 Settlement Agreement. The parties executed a confidential settlement agreement and a mutual general release (2024 Settlement Agreement). The parties also filed a stipulation of dismissal with prejudice. Respondents filed a protective cross-appeal.

2

Against this litigious background, appellant contests orders entered on October 28, 2024. He challenges three orders under the 2022 Action denying his motion to: unseal the entire docket; vacate the stipulation of dismissal; vacate the transmittal letter enclosing the stipulation of dismissal inadvertently electronically filed on April 11, 2024; reinstate the matter; schedule a proof, plenary, and sanctions hearing; and permit an "independent action" pursuant to Rule 4:50-3. Appellant also appeals from the October 28, 2024 order granting respondents' motion to seal eight documents set forth in the annexed index of documents pursuant to the March 25, 2022 and March 8, 2023 orders, as well as all future filings on the docket.

Appellant also challenges the following orders under the 2023 Action denying his motion: to vacate the dismissal of the matter pursuant to Rule 4:50-1(a), (c), (d), and (f) and Rule 4:50-3; for leave to file an answer with counterclaims and a third-party complaint; to order hearings; and to reinstate the matter. He also appeals from the grant of respondents' motion to seal: the entire docket; the June 27, 2023 notice of removal uploaded by case management staff; and the June 29, 2023 notices of removal submitted by appellant and case management staff. For the reasons that follow, we affirm the denial of appellant's motions. We dismiss respondents' cross-appeal as moot.

A-0876-24

I.

A.    The 2022 Action

In November 2021, self-represented appellant initiated the 2022 Action, alleging negligence and intentional infliction of emotional distress. These allegations arose from appellant's enrollment as a student at a residential treatment center in Utah from 1996 to 1997 for behavioral issues. Appellant claimed after he informed his parents of the sexual and emotional abuse he was experiencing at the center, they failed to intervene, which resulted in further harm to him.

On February 23, 2022, the motion judge granted appellant's motion to seal the docket. The parties engaged in settlement negotiations and signed the 2022 Settlement Agreement. The parties also signed a stipulation of dismissal with prejudice on April 8, 2022, which was initially filed on April 11. That stipulation was inadvertently filed again on April 12 and deleted the next day.

B.    The 2023 Action

Appellant did not obtain medical and dental insurance pursuant to the 2022 Settlement Agreement. In January 2023, respondents initiated the 2023 Action, alleging breach of the 2022 Settlement Agreement and seeking enforcement of the provision requiring appellant to obtain medical and dental

A-0876-24

insurance.  Appellant confirmed receipt of the summons and complaint by email in a letter to the court on January 24, 2023.

Appellant moved to dismiss the complaint, which was denied on March 3, 2023.  He then moved to seal certain documents.  The judge granted the unopposed motion in part, ordering sealed only those filings related to materials previously sealed, in accordance with the reasoning set forth in the prior order. In the May 5, 2023 order, the judge granted respondents' motion to seal appellant's motion for summary judgment and all related documents.  In the annexed statement of reasons, the judge found good cause for sealing the documents.  The judge explained good cause "exists when:  1) [d]isclosure will likely cause a clearly defined and serious injury . . . and 2) [t]he person's . . . interest in privacy substantially outweighs the presumption that all court . . . records are open for public inspection," citing Hammock by Hammock v. Hoffmann-LaRoche, Inc., 142 N.J. 356, 380 (1995).

Appellant moved for summary judgment and respondents cross-moved for summary judgment.  On May 8, 2023, the motion judge denied appellant's motion and granted respondents' cross-motion, found appellant's failure to obtain insurance constituted a breach of the 2022 Settlement Agreement, and directed him to comply with its term.

C.    Federal Action

While appellant's motion for reconsideration of the May 8, 2023 order was pending, he filed a notice of removal to federal court.  On October 12, 2023, the district court entered an order and memorandum opinion granting respondents' motion for remand to the state court.  Appellant filed the final remand order in eCourts on January 10, 2024.  He then filed an amended notice of removal, prompting respondents to again move for remand.  Appellant subsequently requested the district court withdraw the notice and remand the matter to the Superior Court, resulting in the administrative termination of the notice as moot.

D.    Remand of the 2023 Action

From early January 2024 through March 8, 2024, the parties engaged in settlement negotiations.  The 2024 Settlement Agreement bestowed significant financial benefits upon appellant, replaced all prior obligations, included a mutual general release provision, and required appellant to consent and join any motions by respondents to seal the lawsuits.  The parties executed and filed a stipulation of dismissal with prejudice on May 7, 2024.

The parties submitted a consent order seeking to seal seventeen documents in the 2023 Action, relying on the reasoning set forth in the May 5, 2023 order as support.  The motion judge, noting a similar application had been filed in the federal action, granted the consent order only as to documents related to those

6

previously sealed by that order, but denied it as to other documents because those documents had not been sealed in federal court.

Appellant filed yet another motion to: vacate the stipulations of dismissal on both the 2022 and 2023 Actions; vacate the order entering the second stipulation of dismissal in the 2022 Action; reinstate both matters; and unseal the entire 2023 Action, pursuant to Rule 4:50-1. In support of the motion, appellant argued respondents committed a "fraud on the court" by filing two stipulations of dismissal without his knowledge. He further contended the 2024 Settlement Agreement was fraudulent, and therefore unenforceable, and claimed the 2023 dismissal and reinstatement orders were void because subject matter jurisdiction had not been restored to the state court.

In their opposition, respondents argued appellant agreed to and voluntarily signed the stipulation of dismissal in the 2022 Action, and he received "substantial benefits" under the 2022 Settlement Agreement. They further asserted appellant waived and released all claims through both the 2022 and 2024 Settlement Agreements and mutual releases.

Following oral argument, on October 28, 2024, the motion judge denied appellant's motion in its entirety. In rendering an oral opinion, the judge determined "simply nothing was put forth" by appellant to support granting the requested relief, raised issues that had no bearing on the issues, and did not

articulate any reason why the dismissals should be vacated. The judge granted respondents' request to seal three federal removal documents, stating for the sake of consistency, all documents—including those federal documents—should be sealed. This determination was based on the court's prior orders sealing all documents in both dockets. As a result, the court denied appellant's motion to unseal the 2023 docket. This appeal ensued.

## II.

Appellant advances several arguments; some raised for the first time on appeal and others that misinterpret the prior orders. First, he asserts all state court proceedings conducted on and after May 8, 2024, are void for lack of subject matter jurisdiction, and therefore the orders entered during this period should be vacated. Appellant further contends the 2022 Settlement Agreement, as well as the stipulations of dismissal entered on April 12, 2022, and May 8, 2024, are likewise void due to lack of subject matter jurisdiction.

A.    Subject matter jurisdiction

We review a court's determination on subject matter jurisdiction de novo. AmeriCare Emergency Med. Serv., Inc. v. City of Orange Twp., 463 N.J. Super. 562, 570 (App. Div. 2020). New Jersey Superior Courts are courts of general jurisdiction. N.J. Const. art. VI., § 3, ¶ 2. "[S]ubject matter jurisdiction is presumed for courts of general jurisdiction unless proved otherwise[.]"

A-0876-24

Thompson v. City of Atl. City, 190 N.J. 359, 379 (2007) (citing Turner v. Bank of N. Am., 4 U.S. 8, 11 (1799)).  Accordingly, challenges to the court's subject matter jurisdiction may be raised at any time, even on appeal.  See Macysyn v. Hensler, 329 N.J. Super. 476, 481 (App. Div. 2000); see also Lall v. Shivani, 448 N.J. Super. 38, 48 (App. Div. 2016).

Appellant's assertion there was "no valid order reopen[ing] the case" or "notice of remand" following the October 2023 remand from federal court, so "the Law Division never regained subject[]matter jurisdiction," lacks merit. When he sought removal to federal court, the 2023 Action had not yet been dismissed.  Pursuant to 28 U.S.C. § 1447(c) and relevant case law, jurisdiction returns to the state court upon the filing of an order of remand.  See Jatczyszyn v. Marcal Paper Mills, Inc., 422 N.J. Super. 123, 134 (App. Div. 2011).  Thus, when the remand order was filed in January 2024, the state court automatically regained jurisdiction and could proceed with the matter without an additional order or separate notice.  The procedural requirements were satisfied, and no further action was necessary for the trial court to resume jurisdiction.

B.     Stipulations of dismissal and the 2022 Settlement Agreement

We review the denial of a motion to vacate a dismissal under Rule 4:50-1 for abuse of discretion.  257-261 20th Ave. Realty, LLC v. Roberto, 477 N.J. Super. 339, 366 (App. Div. 2023) (citing U.S. Bank Nat'l Ass'n v. Guillaume,

209 N.J. 449, 467 (2012)). To show an abuse of discretion, the moving party must demonstrate the decision was "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Borough of Englewood Cliffs v. Trautner, 478 N.J. Super. 426, 437 (App. Div. 2024) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)).

A party seeking to vacate a dismissal "must meet the standard of Rule 4:50-1." Guillaume, 209 N.J. at 467. Rule 4:50-1 is "designed to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case." Mancini v. EDS ex rel. N.J. Auto. Full Ins. Underwriting Ass'n, 132 N.J. 330, 334 (1993) (quoting Baumann v. Marinaro, 95 N.J. 380, 392 (1984)). "Courts should use Rule 4:50-1 sparingly, in exceptional circumstances; the Rule is designed to provide relief from judgments in situations in which, were it not applied, a grave injustice would occur." Hous. Auth. of Morristown v. Little, 135 N.J. 274, 289 (1994).

Appellant asserts the motion judge did not consider the timeliness analysis required under Rule 4:50-2 regarding the 2023 Action. He further contends the judge did not explain how the timing requirements for a motion brought under

10

Rule 4:50-3 differ from the motion brought under Rule 4:50-1 as related to the 2022 Action.

The timeframe for bringing a motion for relief under Rule 4:50-1 is governed by Rule 4:50-2. Romero v. Gold Star Distrib., LLC, 468 N.J. Super. 274, 296 (App. Div. 2021). Under Rule 4:50-2, "[t]he motion shall be made within a reasonable time, and for reasons (a), (b) and (c) of R[ule] 4:50-1 not more than one year after the judgment, order[,] or proceeding was entered or taken." Ibid. (alteration in original) (quoting R. 4:50-1). "[A] reasonable time is determined based upon the totality of the circumstances, and in regard to motions brought under Rule 4:50-1 (a), (b) and (c) that one year 'represents only the outermost time limit for the filing of a motion.'" Ibid. (quoting Orner v. Liu, 419 N.J. Super. 431, 437 (App. Div. 2011)).

"[M]otions under subsections (d), (e)[,] and (f) must be brought within a 'reasonable time,' which could be more or less than one year after the judgment, depending on the circumstances." Ibid. Rule 1:3-4 bars any expansion of the time limitations in Rule 4:50-2.

Appellant's claim regarding the 2022 stipulation of dismissal under Rule 4:50-1(a)and (c) is time-barred because he filed his motion in 2024, well beyond the one-year time limitation. We likewise conclude appellants claims under

11

subsections (d) and (f) were not made in a reasonable time. Therefore, appellant's claims are procedurally infirm.

Appellant timely filed his motion to vacate the 2024 stipulation of dismissal. However, the merits of his claim are unavailing. Appellant has not satisfied his burden of demonstrating his entitlement to relief under Rule 4:50-1. See Jameson v. Great Atl. & Pac. Tea Co., 363 N.J. Super. 419, 425-26 (App. Div. 2003). He has not shown the dismissal was entered as a result of "mistake, inadvertence, surprise, or excusable neglect," nor a meritorious defense under subsection (a). DEG, LLC v. Twp. of Fairfield, 198 N.J. 242, 262 (2009). As to subsection (c), appellant has not proven the existence of fraud or misrepresentation by clear and convincing evidence. City of Linden, Cnty. of Union v. Benedict Motel Corp., 370 N.J. Super. 372, 389, 396 (App. Div. 2004). The 2024 dismissal is not void under subsection (d) because the court had proper jurisdiction over the matter. In regard to Rule 4:50-1(f), appellant did not demonstrate exceptional circumstances or a grave injustice warranting vacatur of the dismissal. Guillaume, 209 N.J. at 484. The motion judge properly determined appellant did not "articulate any particular reason why [the dismissal] should be vacated." Instead, appellant's repetition of arguments spanning multiple years of litigation undermines his claim of exceptional circumstances.

A-0876-24

Appellant is not entitled to relief under Rule 4:50-3. Although relief under this Rule is not subject to any time limitation, Tara Enters., Inc. v. Daribar Mgmt. Corp., 369 N.J. Super. 45, 52 (App. Div. 2004), appellant advances only a conclusory assertion in his merits brief and does not present clear and convincing evidence of fraud upon the court—an extraordinary claim that is never presumed. Stoecker v. Echevarria, 408 N.J. Super. 597, 617 (App. Div. 2009). Thus, we are satisfied appellant did not establish fraud or deception sufficient to warrant vacating the dismissals.

Appellant now seeks to repudiate the 2022 Settlement Agreement after having received its benefits. New Jersey has a strong public policy in favor of settlements. Brundage v. Est. of Carambio, 195 N.J. 575, 601 (2008). Simply put, a settlement agreement is a contract. Nolan v. Lee Ho, 120 N.J. 465, 472 (1990) (citing Pascarella v. Bruck, 190 N.J. Super. 118, 124 (App. Div. 1983)). In the absence of any competent evidence or legal support for his argument to void the settlement, we discern no basis to vacate the 2022 Settlement Agreement.

Guided by these principles, we discern no abuse of discretion in the motion judge's denial of appellant's motion to vacate both the stipulations of dismissal and the 2022 Settlement Agreement. Any remaining argument by

13

appellant challenging the denial of vacatur lacks sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

C.    Service of the complaint in the 2023 Action

Appellant asserts he was not properly served with the complaint in the 2023 Action, and respondents failed to file the requisite proof of service in response to the March 14, 2024 notice of dismissal for lack of prosecution under Rule 1:13-7.  However, he did not raise this issue before the motion judge, and it does not pertain to the trial court's jurisdiction or implicate a matter of public interest.  Therefore, we do not address appellant's argument.  Triffin v. Somerset Valley Bank, 343 N.J. Super. 73, 79 (App. Div. 2001).

D.    Judicial notice

Appellant claims the motion judge did not address his request to take judicial notice of the federal docket.  However, he fails to specify which portions he sought to have judicially noticed.  See N.J.R.E. 201; N.J. Div. of Child Prot. & Permanency v. A.M.W., 480 N.J. Super. 496, 506-07 (App. Div. 2024).  The record contradicts his contention; the October 2024 hearing transcript shows the judge considered the existence, chronology, and legal effect of the federal docket, including removal, remand, and sealing orders.  Accordingly, appellant's argument lacks merit.

III.

Appellant's newly-minted argument concerning the perceived violation of his rights under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213, is unavailing. Generally, "appellate courts will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation [was] available 'unless the questions so raised [] go to the jurisdiction of the trial court or concern matters of great public interest.'" Triffin, 343 N.J. Super. at 79. Neither of these exceptions are present in this case.

For the sake of completeness, we briefly address appellant's argument. Courts are required to provide reasonable and effective accommodations to ensure meaningful access to individuals with disabilities. See 42 U.S.C. § 12132; see also New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 to -50. The record does not support appellant's claim the court violated his ADA rights by coercing him to accept an inadequate accommodation or by compelling disclosure of details regarding his disability. Rather, the transcript from the October 2024 hearing reflects appellant acknowledged the court provided the requested ADA accommodation.

To the extent we have not addressed any of appellant's remaining arguments, they lack sufficient merit to warrant discussion in a written opinion.

R. 2:11-3(e)(1)(E).  Given our disposition of appellant's appeal, the protective cross-appeal is dismissed as moot.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Hanley

Clerk of the Appellate Division