JUSTICE PATTERSON
delivered the opinion of the Court.
We affirm the decision of the Appellate Division panel, substantially for the reasons stated in Judge Fisher’s comprehensive opinion, reported at 444 N.J.Super. 566, 572-75, 134 A.3d 1012 (App. Div. 2016). We concur with the panel’s conclusion that the language of the New Jersey False Claims Act (NJFCA), N.J.S.A. 2A:32C-1 to -15, -17 to -18, does not authorize the Attorney General to invoke his or her administrative subpoena power in a given matter after the right to intervene in the qui tam *287 action has expired. Id. at 572-73, 134 A.3d 1012 (citing N.J.S.A. 2A:32C-5(g), -6(f), -14(a)). We share the panel’s view that after the Attorney General declines to intervene in a qui tam action pursuant to N.J.S.A. 2A:32C-5(g) and leaves that action in the relator’s control, the Attorney General loses the authority conferred by N.J.S.A. 2A:32C-14(a) to issue administrative subpoenas. Id. at 572-74, 134 A.3d 1012.
We briefly comment on the State’s contention that a comparison of the NJFCA and its federal counterpart, the False Claims Act (FCA), 31 U.S.C.A. §§ 3729 to 3733, demonstrates the Legislature’s intent to authorize the Attorney General to issue administrative subpoenas, whether or not the Attorney General intervenes in the action. That argument is premised on the FCA’s provision authorizing the United States Attorney General to issue investigative demands for documentary evidence, responses to interrogatories, oral testimony, or “any combination of such material, answers, or testimony.” 31 U.S.C.A. § 3733(a)(1). The FCA provides that any such demands must be served before the Attorney General “commenc[es] a civil proceeding under section 3730(a) or other false claims law, or mak[es] an election under section 3730(b)” of the federal statute. Ibid. The “election” to which the FCA refers is the Attorney General’s decision whether or not to intervene in a qui tam action. 31 U.S.C.A. § 3730(b)(4). Thus, the FCA expressly bars the United States Attorney General from issuing investigative demands following an election not to intervene in a particular action.
Here, the Attorney General argues that, because the NJFCA does not include the federal law’s specific language imposing that time limitation, our Legislature must have intended to confer on the Attorney General the power to issue administrative subpoenas even after he or she elects not to intervene. We disagree.
This is not a setting in which our Legislature has used a federal statute as a model for a counterpart provision and replicated its language but deleted a portion of the text, which would evince legislative intent to diverge from the federal approach in that *288 specific respect. See Airwork Serv. Div. v. Dir., Div. of Taxation, 97 N.J. 290, 294, 478 A.2d 729 (1984), cert. denied, 471 U.S. 1127, 105 S.Ct. 2662, 86 L.Ed.2d 278 (1985) (“Where the Legislature adopts a new law, using as a source a statute theretofore enacted in another jurisdiction, but omits a provision of the source statute, the omission is construed as being deliberate.” (quotation omitted)). To the contrary, the NJFCA’s provision authorizing administrative subpoenas, N.J.S.A. 2A:32C-14(a), tracks neither the structure nor the text of the FCA discovery provision, 31 U.S.C.A. § 3733(a)(1).[1] The fact that N.J.S.A. 2A:32C-14(a) does not mirror the precise wording of the FCA’s temporal limitation on the United States Attorney General’s authority to issue subpoenas is therefore not evidence of the Legislature’s intent to grant the New Jersey Attorney General such authority in perpetuity. In short, the federal statute offers little guidance on the specific issue raised in this case.
We find, however, compelling evidence of legislative intent in the structure and language of the NJFCA itself. The NJFCA addresses administrative subpoenas in N.J.S.A. 2A:32C-14(a), which is invoked when “the Attorney General has reason to believe that a person has engaged in, or is engaging in, an act or practice which violates this act, or any other relevant statute or regulation.” N.J.S.A. 2A:32C-14(a). The Legislature unambiguously provided a sixty-day time period for the Attorney General to conduct its review and elect to intervene, or not to intervene, in the action. N.J.S.A. 2A:32C-5(d), (g). During that period, the *289 Attorney General clearly has the authority to issue subpoenas in accordance with N.J.S.A. 2A:32C-14(a).
The Attorney General’s decision not to intervene in a qui tam case starkly alters the landscape. That decision is final, and the relator is afforded the right to conduct the action. N.J.S.A. 2A:32C-6(f). The NJFCA provision addressing proceedings after the Attorney General decides not to intervene permits the Attorney General access to pleadings, motions, and deposition transcripts to monitor the progress of the case, but grants the Attorney General no power to subpoena witnesses or documents after he or she declines to intervene. N.J.S.A. 2A:32C-6. If, as a result of monitoring a qui tam action conducted by the relator, the Attorney General learns of information that warrants his or her involvement, he or she can seek leave to intervene; the NJFCA authorizes the court, on a showing of good cause, to “permit the Attorney General to intervene and take over the action on behalf of the State at a later date.” N.J.S.A. 2A:32C-6(f).[2]
The NJFCA thus envisions a limited time period during which the Attorney General may investigate an alleged violation of the statute; the administrative subpoena is at his or her disposal at this pivotal stage. N.J.S.A. 2A:32C-5, -14(a). When that time period expires without intervention, the Attorney General’s authority to serve administrative subpoenas pursuant to N.J.S.A. 2A:32C-14(a) expires with it.[3]
*290 We therefore concur with the Appellate Division panel’s determination that the trial court erred when it enforced the Attorney General’s administrative subpoenas and ordered compliance with those subpoenas. The judgment of the Appellate Division is affirmed.
CHIEF JUSTICE RABNER and JUSTICE SOLOMON join in JUSTICE PATTERSON’S opinion. JUSTICE FERNANDEZ-VINA filed a separate, dissenting opinion, in which JUSTICE LaVECCHIA joins. JUSTICES ALBIN and TIMPONE did not participate.

 The two statutes, for example, use different terminology to describe the discovery demands that the Attorney General may serve: the FCA uses the term “civil investigative demand," 31 U.S.C.A. § 3733(a)(1), and the NJFCA refers to the demands as “subpoenas," N.J.S.A. 2A:32C-14(a). The federal and state statutes, further, do not confer identical authority to demand discovery: although both the FCA and NJFCA authorize demands for oral testimony and documents, the FCA additionally authorizes the United States Attorney General to demand written answers to interrogatories. Compare N.J.S.A. 2A:32C-14(a), with 31 U.S.C.A. § 3733(a)(1)(A) to (C).

 After the unsealing of the complaint in this case, the Attorney General did not seek leave to intervene on a showing of good cause, pursuant to N.J.S.A. 2A:32C-6(f). Accordingly, we do not consider the scope of the Attorney General’s investigative authority in the event that he or she is permitted to intervene in accordance with that provision.

 The dissent characterizes our interpretation of N.J.S.A. 2A:32C-5(d), N.J.S.A. 2A:32C—5(g), N.J.S.A. 2A:32C-6(f), and N.J.S.A. 2A:32C-14(a) as an application of the canon of statutory construction by which a specific provision in a statute predominates over a general provision in the event that the two conflict. Post at 296, 162 A.3d at 268-69. That principle is not the basis for our construction of the NJFCA, or the Appellate Division's holding. See In re Enforcement of N.J. False Claims Act Subpoenas, 444 N.J.Super. 566, 572-74, 134 A.3d 1012 (App. *290 Div. 2016). Instead, we view the relevant provisions of the NJFCA to jointly express the Legislature’s intent to afford to the Attorney General an opportunity to investigate a qui tam action using administrative subpoenas, and to limit that opportunity to the sixty-day period prior to the unsealing of the complaint. See N.J.S.A. 2A:32C-5(d), N.J.S.A. 2A:32C-5(g), N.J.S.A. 2A:32C-6(f), N.J.S.A. 2A:32C-14(a).