PER CURIAM
**346 The judgment of the Superior Court, Appellate Division is affirmed, substantially for the reasons expressed in Judge Rothstadt's well-reasoned opinion, reported at 448 N.J. Super. 206, 152 A.3d 955 (App. Div. 2017). We add the following comments.
The Appellate Division panel vacated defendant's conviction of permitting or encouraging the release of a confidential child abuse record in violation of N.J.S.A. 9:6-8.10b. Id. at 228, 152 A.3d 955. The panel held that N.J.S.A. 9:6-8.10b applies only to the Division of Youth and Family Services, now designated the Division of Child Protection and Permanency (Division), and to persons and entities authorized by N.J.S.A. 9:6-8.10a(b) to receive confidential records from the Division. Id. at 218-22, 152 A.3d 955. The panel concluded that "the Legislature specifically limited culpability under the statute to authorized individuals or entities that receive confidential documents from the Division but then fail **347 to maintain their confidentiality or anyone who encourages their improper release." Id. at 221, 152 A.3d 955. Noting that there was no evidence that defendant received the records at issue from the Division or was a person or entity authorized by N.J.S.A. 9:6-8.10a(b) to have such records, or that defendant encouraged such a person or entity to release the documents to him or anyone else, the panel concluded that defendant's conduct is beyond the statute's reach. Id. at 221-22, 152 A.3d 955.
We acknowledge that the Appellate Division's construction of N.J.S.A. 9:6-8.10a and -8.10b does not constitute the only reasonable interpretation of the statutory language. Indeed, the State presents an alternative view. It relies on N.J.S.A. 9:6-8.10a(a), which provides in part that records of child abuse made pursuant to N.J.S.A. 9:6-8.10 and reports of findings forwarded to the central registry pursuant to N.J.S.A. 9:6-8.11"shall be kept confidential and may be disclosed only under the circumstances expressly authorized under" N.J.S.A. 9:6-8.10a(b) to (f). N.J.S.A. 9:6-8.10a(a).
*212 The State construes N.J.S.A. 9:6-8.10a(a) to generally impose a confidentiality requirement on all persons and entities who receive child abuse records governed by the statute. It acknowledges that N.J.S.A. 9:6-8.10a(b) expressly requires individuals and entities authorized to receive child abuse records under N.J.S.A. 9:6-8.10a(b) to "keep the records and reports, or parts thereof, confidential," and prohibits the disclosure of such materials "except as authorized by law." N.J.S.A. 9:6-8.10a(b). To the State, that specific provision should not abrogate N.J.S.A. 9:6-8.10a(a)'s broad confidentiality mandate. It argues that N.J.S.A. 9:6-8.10a(b) should be viewed to merely clarify that when a confidential child abuse record is disclosed as authorized by that subsection, anyone given access to it must treat it as confidential.
We view the State's construction of the statute to be reasonable. That determination, however, does not resolve the statutory construction issue presented by this appeal. Given that the statutory language is subject to more than one reasonable **348 interpretation, and that extrinsic sources do not resolve the parties' dispute, we find an ambiguity that "cannot inure to the benefit of the State." State v. Alexander, 136 N.J. 563, 573, 643 A.2d 996 (1994) ; see also State v. Sumulikoski, 221 N.J. 93, 110, 110 A.3d 856 (2015) ("To the extent that there is an unresolved ambiguity in the language of the endangering statute, the rule of lenity also cautions against reading the law against a defendant."). Applying the rule of lenity, we adopt the Appellate Division panel's construction of N.J.S.A. 9:6-8.10a and -8.10b, and concur with the panel that defendant's conduct is beyond the reach of N.J.S.A. 9:6-8.10b. Our holding, however, should not be viewed to minimize the gravity of the acts that led to defendant's prosecution.
It is in the domain of the Legislature to determine whether an individual who is unauthorized to view records deemed confidential under the statute, but who nonetheless knowingly gains access to such confidential records and disseminates them to others, is subject to the criminal penalties set forth in N.J.S.A. 9:6-8.10b. If the Legislature concludes that the State's position represents the better public policy, it has the power to amend N.J.S.A. 9:6-8.10a and -8.10b.
CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, PATTERSON, FERNANDEZ-VINA, SOLOMON, and TIMPONE join in this opinion.