PER CURIAM
**210 The Appellate Division judgment under review affirmed several actions by the State Department of Environmental Protection (DEP) with regard to property in the Borough of Oakland that is subject to the Highlands Water Protection and Planning Act (Highlands Act), N.J.S.A. 13:20-1 to -35. N.J. Highlands Coal. v. DEP, 456 N.J. Super. 590, 196 A.3d 982, 2017 WL 10646501 (App. Div. 2017). We granted the petition for certification filed by plaintiffs, the N.J. Highlands Coalition and the Sierra Club, N.J., to review only the determination that the property owner -- Bi-County Development Corporation (Bi-County) -- qualified for the exemption allowed under the Highlands Act for the construction of affordable housing projects, N.J.S.A. 13:20-28(a)(17) (Exemption 17). 234 N.J. 208, 190 A.3d 409 (2017). The issue on which we granted certification requires interpretation of Exemption 17's language concerning expiration of its safe harbor.
We now agree with the Appellate Division, and the DEP, that this project may proceed under Exemption 17 because its qualification has not expired. We affirm the judgment of the Appellate Division substantially for the reasons expressed in *984 the published **211 decision of the panel. We add the following modifying comments to clarify that the affirmance is based solely on a plain language reading of the Highlands Act that does not incorporate the definition of "final approval" contained in the separate but related Municipal Land Use Law (MLUL), N.J.S.A. 40:55D-1 to -163.
I.
Exemption 17 provides that a project shall be exempt from the Highlands Act's requirements if it is
a major Highlands development located within an area designated as Planning Area 1 (Metropolitan), or Planning Area 2 (Suburban), as designated pursuant to L. 1985, c. 398 (C. 52:18A-196 et seq.) as of March 29, 2004, that on or before March 29, 2004 has been the subject of a settlement agreement and stipulation of dismissal filed in the Superior Court, or a builder's remedy issued by the Superior Court, to satisfy the constitutional requirement to provide for the fulfillment of the fair share obligation of the municipality in which the development is located. The exemption provided pursuant to this paragraph shall expire if construction beyond site preparation does not commence within three years after receiving all final approvals required pursuant to the "Municipal Land Use Law," L. 1975, c. 291 (C. 40:55D-1 et seq.).
[ N.J.S.A. 13:20-28(a)(17).]
The property at issue here has an extended history, but neither party disputes that an earlier settlement concerning this development project, which occurred in 1991, renders the development an affordable housing project eligible to qualify for carve-out from the Highlands Act requirements under Exemption 17. The dispute centers on the meaning of the exemption's expiration language that rescinds exemption "if construction beyond site preparation does not commence within three years after receiving all final approvals required pursuant to the [MLUL]."
Petitioners argue that Exemption 17 incorporates the MLUL definition of "final approval" and that the Appellate Division's discussion of how that definition applies will risk unsettling certain land use law under the MLUL. Under the MLUL, "final approval"
means the official action of the planning board taken on a preliminarily approved major subdivision or site plan, after all conditions, engineering plans and other requirements have been completed or fulfilled and the required improvements have **212 been installed or guarantees properly posted for their completion, or approval conditioned upon the posting of such guarantees.
[ N.J.S.A. 40:55D-4.]
The DEP disputes that its application of the Highlands Act's Exemption 17 in this matter is in tension with case law concerning final approval under the MLUL and, further, emphasizes that the plain language of the Highlands Act refers to "all final approvals required pursuant to the [MLUL]." The DEP also underscores the specificity of the rather unique facts in this matter.
Bi-County agrees with the DEP about the uniqueness of the facts in this matter and, importantly, stresses that the appeal involves not an interpretation of the MLUL but instead an interpretation of the words contained in Exemption 17 of the Highlands Act.
II.
In affirming the DEP's administrative determination, the Appellate Division deferred to the agency's finding that, under the Highlands Act, not all final approvals for this project had been obtained. The panel cited well-settled administrative law *985 in stating the principles that guided its review in this matter. N.J. Highlands Coal., 456 N.J. Super. at 602-04, 196 A.3d 982.
In explaining its decision, the panel noted that the property owner had sought and obtained both preliminary and final site plan approval from the Oakland Planning Board at the same time; however, the approval came with conditions -- fifty-seven to be precise. Id. at 604, 196 A.3d 982. Several conditions remained unsatisfied when the DEP ruled on whether Exemption 17 still pertained to Bi-County's property. Ibid. Importantly, as the Appellate Division noted, two conditions were of particular significance because they required Bi-County to obtain additional approvals, from the County Planning Board in one instance and from the DEP in another, if certain changes occurred -- and those changes did take place. Ibid. Accordingly, the panel referred to the Planning Board's preliminary and final site plan approval as **213 "not a 'final approval' " in reasoning that Bi-County had not obtained "all final approvals required pursuant to the [MLUL]" as Exemption 17 prescribes. Id. at 604-05, 196 A.3d 982.
Although the panel's discussion intertwined references to the MLUL and the Highlands Act's Exemption 17, we do not read the Appellate Division decision to have meant to engraft the meaning of "final approval" under the MLUL onto the Highlands Act's differing language that references instead "all final approvals."
To be clear, "all final approvals" in the Highlands Act is the operative phrase to be applied when examining whether the DEP erred in determining that Exemption 17 had not expired for the Bi-County development project. In this instance, when making its administrative determination, the DEP was well within its bounds to conclude that Bi-County had not yet secured all final approvals and, as a result, the three-year expiration period had not been triggered. The Appellate Division correctly affirmed that administrative decision, which necessarily involved construction and application of the Highlands Act. We do as well.
The prolonged history involved with this development project and its unusual facts combine to make the issue in this matter likely a "universe of one," as the parties suggest. Nevertheless, in order that there not be room for misunderstanding, we modify the Appellate Division's thorough analysis of "all final approvals" in the setting of this matter. The plain language of the Highlands Act requires "all final approval s" to have been obtained in order to trigger the three-year period after which the exemption is lost if "construction beyond site preparation" is not accomplished. N.J.S.A. 13:20-28(a)(17) (emphasis added). The Legislature used the plural form when referencing "approvals" and further emphasized that there is not just one "final approval" for purposes of Exemption 17 by adding the word "all" to underscore that point. We do not see in Exemption 17's distinctly different language a legislative intent to import the MLUL definition of "final approval."
**214 We ascribe to the Legislature an intent that all of its words have meaning. In re Attorney Gen.'s "Directive on Exit Polling: Media & Non-Partisan Pub. Interest Grps.", 200 N.J. 283, 297-98, 981 A.2d 64 (2009) ("We must presume that every word in a statute has meaning and is not mere surplusage, and therefore we must give those words effect and not render them a nullity."). With the very clear literal difference between the MLUL's defined term, "final approval," and the terminology in Exemption 17 of the Highlands Act, we see no basis to equate the two when deciding this case. The Highlands Act's reference is not to the definition of *986 "final approval" under the MLUL and we will not rewrite the Legislature's words. DiProspero v. Penn, 183 N.J. 477, 492, 874 A.2d 1039 (2005).
Moreover, and conversely, our interpretation of the Highlands Act's language should not be exported to MLUL controversies. We have concluded that the present specific matter is controlled by the Highlands Act's language. We have interpreted its language to be distinct from the defined term, "final approval," in the MLUL. That distinction should prevent this decision from having an impact on application of the defined term, "final approval," in the MLUL context. We make no findings about the finality of approval for purposes of the MLUL when conditions are imposed on a project by a planning board.
As modified, the judgment of the Appellate Division is affirmed substantially for the reasons expressed therein.
CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, PATTERSON, FERNANDEZ-VINA, SOLOMON, and TIMPONE join in this opinion.