PER CURIAM
*398 **429 The judgment of the Appellate Division is affirmed substantially for the reasons expressed in the majority opinion of the panel. 457 N.J. Super. 304, 321-31, 199 A.3d 797, 2017 WL 10764999 (App. Div. 2017). We fully support the conclusion that the four prongs of the best-interests-of-the-child test have been met and that the record supports the termination of E.M.C.'s parental **430 rights. Ibid. As a result, A.E.C. may achieve permanency through the adoption plan that has been held in abeyance for him.
We add only the following.
As the Division of Child Protection and Permanency (DCPP) acknowledged before this Court and the remand court, which examined closely the facts surrounding the issue of the DCPP's search efforts for E.M.C., there were some deviations in the DCPP's normal procedures to ensure that reasonable efforts are exercised to locate and serve notice on a biological parent who is not currently "in the picture" for a child under the DCPP's supervision. Ultimately, in this matter, E.M.C. was located and we perceive no prejudice to him in this proceeding attributable to the delay in service. The errors in this instance -- anomalous as they may be -- created needlessly drawn out proceedings that have now kept A.E.C. from receiving permanency for an additional two-and-a-half years.
As revealed in this matter, current DCPP processes would be enhanced by conducting a new search for a parent for each phase of litigation, regardless of the recency of the previous search, and implementing procedures that retain a party's past contact information, with effective dates, to promote the accuracy of such information.
The DCPP made representations to this Court about enhancing its efforts to diligently search for and serve absent parents, including such steps as the two identified above. We accept its representations.
We affirm the judgment of the Appellate Division.
CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, PATTERSON, FERNANDEZ-VINA, SOLOMON, and TIMPONE join in this opinion.