# RECORD IMPOUNDED

NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
DOCKET NO. A-1399-18T3

NEW JERSEY DIVISION
OF CHILD PROTECTION
AND PERMANENCY,

      Plaintiff-Respondent,

v.

A.L.,

      Defendant-Appellant,

and

S.B.,

      Defendant.

_____

IN THE MATTER OF Au.L.,

      a Minor.

_____

| |
|---|
| **APPROVED FOR PUBLICATION** |
| **January 10, 2020** |
| **APPELLATE DIVISION** |

      Submitted December 9, 2019 – Decided January 10, 2020

      Before Judges Fisher, Accurso and Rose.

      On motion for reconsideration of an opinion filed on October 28, 2019, in an appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, Docket No. FN-12-0172-17.

Joseph E. Krakora, Public Defender, attorney for appellant (Anastasia P. Winslow, Designated Counsel, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Michael A. Thompson, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minor (Noel Christian Devlin, Assistant Deputy Public Defender, of counsel and on the brief).

The opinion of the court was delivered by

FISHER, P.J.A.D.

Defendant has moved for: (1) reconsideration of our recent disposition of this appeal; and (2) a reopening and expansion of the appellate record to allow defendant to pursue a claim of ineffective assistance of prior appellate counsel. Because the second issue raises a matter of first impression, we have taken the unusual step of deciding defendant's motion by opinion rather than order. For the reasons that follow, we deny reconsideration because we find frivolous defendant's argument that the brevity of our opinion on the merits reveals a failure to adequately consider the record and the arguments presented. As for the motion's novel second part, we will remand to the trial court for the development of defendant's argument that her prior appellate counsel was ineffective.

2

I

To put things in perspective, we recently rendered an opinion on the merits of defendant's appeal of a Title Nine determination. N.J. Div. of Child Prot. & Permanency v. A.L., No. A-1399-18 (App. Div. Oct. 28, 2019). The Division's suit concerned one child – Au.L., born in December 2016 – and alleged defendant abused or neglected the child, who suffered neonatal abstinence syndrome following birth. The record included evidence that two months before the child's birth, defendant acknowledged she was a drug user, using up to five bags of heroin daily during the first eight months of her pregnancy. Later in the pregnancy, defendant tested positive for cocaine and heroin; she even tested positive for cocaine usage a week before the child's birth. After briefly recounting these circumstances, and an issue concerning a late attempt by defendant "to keep the record open for an additional trial day so that she might present expert witness testimony," we concluded that defendant's arguments lacked sufficient merit to warrant further explanation, as Rule 2:11-3(e)(1)(E) permits, adding that we also affirmed the order under review substantially for the reasons set forth in the trial judge's "comprehensive and well-reasoned written opinion." A.L., slip op. at 3.

A-1399-18T3

In the motion now before us, defendant – through new appellate counsel[1] – argues that we "eschewed the basic appellate obligation to review the record." She extraordinarily contends that we did not "scrupulously review[]" the record. To support this theory, defendant offers as evidence only the fact that our opinion is three paragraphs in length. This unusual argument suggests that the length of a court's opinion is proportionate to the court's investment of time and energy in its disposition; in other words, defendant apparently believes courts issue lengthy opinions when they have exerted a great amount of effort and short opinions when they have given little or no attention to the record or the arguments. No assertion could be more misinformed or misguided.

Some of the most celebrated judicial opinions have been extraordinarily concise when compared to the compelling issues presented. The Court's landmark decision in Brown v. Bd. of Educ., 347 U.S. 483 (1954) consists of only thirteen paragraphs. See also Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971); Gideon v. Wainwright, 372 U.S. 335 (1963); Brady v. Maryland, 373 U.S. 83 (1963); Yick Wo v. Hopkins, 118 U.S.

---

[1] Even though new appellate counsel advises that she was assigned to this matter on October 28, 2019 – the day our opinion issued – she was unable to move for reconsideration within the ten days required by Rule 2:11-6(a). We have, by separate order, granted defendant leave to file the motion out of time.

A-1399-18T3

356 (1886). Justice Holmes's six-paragraph majority opinion in <u>Schenck v.</u> <u>United States</u>, 249 U.S. 47 (1919), broke new ground in the way the Supreme Court would thereafter apply the First Amendment to speech restrictions. Judge Cardozo ushered in modern thought on tort law in <u>Palsgraf v. Long Island R.</u> <u>Co.</u>, 248 N.Y. 339 (1928), and contract law in <u>Wood v. Lucy, Lady Duff-</u> <u>Gordon</u>, 222 N.Y. 88 (1917); the former consists of six paragraphs, the latter only three, and yet, no law school tort or contract textbook would be complete without them.

We, of course, do not mean to compare our prior opinion to these landmarks in judicial thinking and writing. Far from it. These examples are offered only as proof that the idea that longer opinions are the product of greater consideration than shorter opinions is just simply wrong.

Defendant also seems to misconceive our disposition of her appeal. To be sure, we relied on <u>Rule</u> 2:11-3(e)(1)(E) in rejecting her arguments, and we then only briefly described why those arguments were without sufficient merit to warrant further discussion. But we also affirmed substantially for the reasons set forth by the trial judge in his thorough twenty-two-page written decision. So, in criticizing this economical way in which we decided her appeal, we can only wonder whether defendant is seriously arguing that when an appellate court

affirms o.b. (on the opinion below), it means that the court did not thoroughly review the record or adequately analyze the parties' arguments. What does that say for the numerous instances when our Supreme Court has disposed of an appeal in the same way? The Supreme Court regularly decides appeals by adoption of either a majority or dissenting opinion. See, e.g., Miller v. State-Operated School District of the City of Newark, __ N.J. __ (Nov. 4, 2019); State v. Shangzhen Huang, __ N.J. __ (Oct. 23, 2019); Feuer v. Merck & Co., 238 N.J. 27 (2019); Chirino v. Proud 2 Haul, Inc., 237 N.J. 440 (2019); N.J. Highlands Coalition v. N.J. Dep't of Envtl. Prot., 236 N.J. 208 (2018); State v. Vasco, 235 N.J. 365 (2018); State v. Young, 233 N.J. 345 (2018); Thompson v. Bd. of Trs., 233 N.J. 232 (2018); State v. Terrell, 231 N.J. 170 (2017); EQR-LPC Urban Renewal North Pier, LLC v. City of Jersey City, 231 N.J. 157 (2017); Granata v. Broderick, 231 N.J. 135 (2017); In re Enf't of N.J. False Claims Act Subpoenas, 229 N.J. 285 (2017). About a year ago, the Court affirmed o.b. a judgment terminating parental rights, N.J. Div. of Child Prot. & Permanency v. A.S.K., 236 N.J. 429 (2019), the very type of case that – according to defendant – requires a greater degree of appellate scrutiny. Is defendant seriously arguing that the Supreme Court did not adequately review the record or sufficiently consider the parties' arguments in any of the important

cases cited above when it entirely, or with only a few additional comments, relied on an opinion authored by a lower court?

We need not press on in this vein. We reject the theory on which the defendant's reconsideration motion is based. Having examined the motion papers,[2] the existing record, and the parties' arguments in light of the matters raised in the motion, we find no reason to alter our prior disposition. Defendant's reconsideration motion is denied.[3]

---

[2] Rule 2:11-6(a) states that answers are not permitted in response to reconsideration motions unless "requested by the court." We, in fact, invited the Division and the Law Guardian to respond to the motion, mainly to hear their position on the second aspect of the motion. They both submitted timely responses.

[3] In her motion brief's first point, defendant argues that "reconsideration and de novo review of this appeal" should occur before "another Appellate Division panel." But she did not explain or argue in the body of that point why she believes another panel should hear this motion. We would note, however, that the court rules appear to require consideration of the motion by at least part of the original panel. See R. 2:11-6(b) (declaring that "[a] motion for reconsideration will be granted only if it is moved by a . . . judge who concurred in the judgment or decision").

## II

As mentioned above, defendant's motion has a second aspect. She argues she was denied the effective assistance of counsel because her prior appellate attorney failed to:

- "prepare a proper appellate record"

- "investigate trial counsel's failure to timely obtain an expert report or preserve A.L.'s right to present expert testimony at trial"

- "raise A.L.'s constitutional rights on appeal including A.L.'s fundamental right to due process of law and to effective assistance of trial counsel"

- "cite and argue controlling law regarding expert testimony including, without limitation, the State's failure to produce an expert report or to proffer expert opinions on medical causation meeting basis prerequisites to admissibility"

Greater detail on each of these main points is provided in the moving papers and need not be repeated here in light of the disposition of this motion.

After consideration, we cannot – on this record – determine whether there is merit to any part of defendant's ineffectiveness arguments. Indeed, our consideration of some of defendant's contentions would be precipitous absent further illumination because the record does not now adequately disclose why the prior attorneys did what they did or why they did not take the steps that

current counsel believes were critical. In short, we have been presented only with skeletal assertions that must be further fleshed out; the matter warrants the type of amplification that can only be provided by an evidentiary hearing.

The novel argument presented by this motion concerns <u>how</u> our courts should handle claims of ineffective assistance of appellate counsel in abuse or neglect cases. It is well-established that the right to counsel attaches at the trial level in various child-related cases: parental termination proceedings, <u>N.J. Div. of Youth & Family Servs. v. B.R.</u>, 192 N.J. 301, 306-07 (2007); private adoption proceedings, <u>In re Adoption of J.E.V.</u>, 226 N.J. 90, 107-08 (2016); when the Division seeks substantiation of abuse or neglect at an administrative level, <u>N.J. Dep't of Children & Families v. L.O.</u>, 460 N.J. Super. 1, 18 (App. Div. 2019); and in abuse or neglect matters commenced in superior court, <u>N.J. Div. of Child Prot. & Permanency v. G.S.</u>, 447 N.J. Super. 539, 555 (App. Div. 2016), like here. It follows like night follows day that the right to counsel in those matters not only includes the right to effective counsel at the trial level but also in an appeal as of right. <u>See</u> <u>Evitts v. Lucey</u>, 469 U.S. 387, 396-97 (1985); <u>State v. O'Neil</u>, 219 N.J. 598, 610-11 (2014); <u>L.O.</u>, 460 N.J. Super. at 19-20.

The only pressing question before us concerns how an abuse or neglect defendant who believes appellate counsel was ineffective should go about

seeking relief. Defendant initiated her appellate counsel ineffectiveness claim by moving in this court shortly after our disposition of the appeal pursuant to Rule 2:11-6. This was not inappropriate. Obviously, as suggested by the B.R. Court's determination as to how trial counsel ineffectiveness arguments should be presented when the matter is on appeal, the sooner presented, the better. In that case, the Court distinguished the handling of ineffectiveness arguments in criminal matters – normally conducted through later post-conviction relief petitions in the trial court – because parental termination cases are expedited to ensure the child's stability. 192 N.J. at 310-11. So, the Court determined that trial counsel ineffectiveness in parental termination cases should be raised in the direct appeal rather than in later proceedings and provided a process – now codified in Rule 2:9-1(c) – that permits the creation of a full factual exposition prior to the appeal's disposition on its merits.[4]

---

[4] Appellate counsel must "provide a detailed exposition of how the trial lawyer fell short and a statement regarding why the result would have been different had the lawyer's performance not been deficient." Id. at 311. At times, as the Court noted, "the issue will be resolvable on the appeal record alone." Ibid. But, when the appellate court finds a "genuine issue of fact," the matter should then be remanded "for an accelerated hearing" and a decision by the trial judge, following which the appellate court must expeditiously review both the merits and the ineffectiveness arguments. Ibid.

This approach is not feasible when the direct appeal has already been considered and decided. Moreover, most, if not all, questions about the effectiveness of <u>appellate counsel</u> will not be appreciated until after the direct appeal is decided. Only with the appointment of new appellate counsel after a decision that has gone against the defendant – as here – is the defendant likely to consider whether appellate counsel was ineffective or know how the alleged deficiency prejudiced defendant's appeal. At that point, the urgency present in the circumstances considered in <u>B.R.</u> is diminished because the appeal will have already been decided.

In addition, we are not here considering the child's placement, only defendant's inclusion in the Central Registry. Absent a showing that the defendant has been and will continue to be irreparably harmed if her ineffectiveness argument is decided in a less rapid fashion – for example, if the parent's inclusion in the registry directly impacts employment – there is no compelling need to consider the appellate counsel ineffectiveness argument with the speed required when, like <u>B.R.</u>, child permanency rests in the balance.

Realistically, it seems unlikely that in most cases a defendant will be able to appreciate, let alone have the time or opportunity to argue to the appellate court, that appellate counsel was ineffective. <u>Rule</u> 2:11-6(a) provides the only

authorized avenue for seeking further relief from the appellate court post-decision, and it limits the time to do so to ten days. That defendant was able to make an application in such a short time frame – with the benefit of our permission to accept her motion out of time – should not persuade us that this is the only method for pursuing a claim of appellate counsel ineffectiveness. We find no reason why other avenues for pursuing that claim should not be honored when the issue cannot be reasonably formulated within the time to seek relief under Rule 2:11-6(a). And, so, in approving of the methodology adopted by defendant here, we see no reason why other defendants in the future may not move in the trial court under Rule 4:50 for relief from the abuse or neglect order because of appellate counsel ineffectiveness.[5]

In considering what is presented here, we recognize that some aspects of the appellate counsel ineffectiveness argument – particularly, the issues concerning what was left out of the appendix – might ordinarily be resolvable in our disposition of the motion. But defendant has raised other more nuanced

---

[5] Our holding should not be viewed as giving such defendants wide latitude as to the time within which to assert the argument. Rule 4:50-2 requires that motions seeking relief from a judgment or order must be asserted within "a reasonable time." See Orner v. Liu, 419 N.J. Super. 431, 436-37 (App. Div. 2011) (emphasizing that motions governed by the outer limit of one year must still be filed within "a reasonable time" which may be far shorter than one year).

questions that warrant consideration of why appellate counsel did or didn't take certain steps – including the failure to assert trial counsel ineffectiveness – that cannot be fully appreciated through resort to the parties' motion papers. These claims should be developed and illuminated at an evidentiary hearing, at which time it may be necessary to take testimony from defendant's prior appellate counsel and trial counsel as well, since defendant argues appellate counsel's ineffectiveness in failing to assert trial counsel ineffectiveness. We remand for an evidentiary hearing on the ineffectiveness arguments posed by defendant in her present motion.

* * *

To summarize, we reject the argument in defendant's motion brief that we failed to thoroughly consider the record or the parties' arguments and, therefore, deny reconsideration of our prior decision. As for the second part of defendant's motion, we agree that defendant should be permitted to pursue her present ineffectiveness claims and, to fully develop those arguments, we remand the matter to the trial court for an evidentiary hearing.

Defendant's motion is denied in part and granted in part. We remand the matter to the trial court for further proceedings in conformity with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

13

A-1399-18T3