17 A.3d 266 (2011)
419 N.J. Super. 431
Steven ORNER, Roseanna Orner, Salvatore Ionno, Jr., and Joanne Ionno, Plaintiffs-Respondents/Cross-Appellants,
v.
Guang LIU, Susan Liu, and Chengchih F. Liu, Defendants-Appellants/Cross-Respondents.
No. A-6185-09T4.
Superior Court of New Jersey, Appellate Division.
Argued March 23, 2011.
Decided April 26, 2011.
*267 Jerrold A. Tenzer, argued the cause for appellants/cross-respondents.
Steven M. Eisner, argued the cause for respondents/cross-appellants (Eisner & Fowler, attorneys; Mr. Eisner, and Jenifer G. Fowler, Haddonfield, on the brief).
Before Judges CUFF,[1] FISHER and SAPP-PETERSON.
The opinion of the court was delivered by
FISHER, J.A.D.
Defendants appeal the denial of their motion to vacate a judgment based on a settlement agreement. Because, among other things, defendants delayed in filing their motion until the day before the first anniversary of the entry of the order in questiona delay that was unreasonable in the circumstances and therefore barred by Rule 4:50-2we affirm.
The facts are relatively simple. Plaintiffs Steven Orner, Roseanna Orner, Salvatore Ionno, Jr., and Joanne Ionno were the owners of certain rental properties in Haddon Heights. In June 2007, plaintiffs entered into two separate but related contracts to sell these properties to defendant Chengchih F. Liu.[2] The contracts stipulated time was of the essence; there was no mortgage contingency clause. When defendants expressed an inability to close due to difficulties in exporting currency *268 from Taiwan, plaintiffs agreed to an extension. In fact, the closing date was extended more than once but always with plaintiffs' insistence that time remain of the essence. The last agreed upon closing date was October 29, 2007; when defendants still lacked the funds to close, plaintiffs declared a default.
Defendants later advised they were attempting to obtain mortgage funding. Even though the contracts were no longer in force, plaintiffs permitted access to the properties, so appraisals could be performed. Plaintiffs' counsel also wrote to defendants' counsel regarding disposition of the deposit. When no agreement about the deposit was reached, plaintiffs filed this action, alleging defendants had defaulted, and plaintiffs were entitled to retain all deposited funds. Defendants filed a counterclaim as well as notices of lis pendens on the properties.
On October 8, 2008, Judge Robert G. Millenky entered an order that discharged the notices of lis pendens and declared defendants had no further right to or interest in the first deposit, which plaintiffs had received in exchange for extending an earlier closing date, leaving unadjudicated plaintiffs' right to a later deposit.
Current counsel thereafter appeared for defendants and discovery was scheduled. At the end of a deposition on June 4, 2009, counsel and the parties then present discussed and reached an amicable resolution of their disputes.
On Monday, June 8, 2009, counsel and some of the parties[3] appeared before Judge Millenky to place their settlement on the record. Plaintiffs' counsel described the settlement, which included, among other things, the following stipulations: the remaining deposited funds would be released to plaintiffs; new contracts would be executed by Thursday, June 11, 2009; the new contracts would contain a mortgage contingency; the date for closing, with time of the essence, would occur no later than September 15, 2009; defendants would receive a credit at the closing in the amount of the deposited funds from the first failed transaction; and, if no closing occurred on or before September 15, 2009, the parties would have no further obligation to each other. The parties present at the hearing acknowledged under oath that these and the other terms set forth on the record by counsel constituted their entire agreement. On that same day, Judge Millenky entered an order memorializing that a settlement had been placed on the record; his order directed the release of the remaining deposited funds to plaintiffs and dismissed all claims with prejudice and without costs.
Disagreements about the form and content of the new contracts soon followed. Plaintiffs' counsel had previously provided defense counsel with copies of the original contracts, apparently anticipating the new contracts would be substantially similar in form and content. Defense counsel, however, sought execution of a lengthy addendum, which, in plaintiffs' view, contained provisions inconsistent with the settlement. We need not attempt to determine whether or to what extent the contracts were drafted in accordance with the parties' settlement. For present purposes, it suffices to observe that the parties did not agree on their form and content and, ultimately, did not execute new contracts. On June 25, 2009, plaintiffs' counsel wrote to his counterpart that plaintiffs were no longer *269 interested in further pursuing the transaction.
Defendants took no action until one day less than one year from the entry of final judgment; that is, on June 7, 2010, defendants moved to vacate the June 8, 2009 order pursuant to subsections (c), (e), and (f) of Rule 4:50-1.
The resolution of such a motion is left to the sound discretion of the trial judge, whose decision will not be disturbed absent a clear abuse of that discretion. Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283, 639 A.2d 286 (1994); Reg'l Constr. Corp. v. Ray, 364 N.J.Super. 534, 541, 837 A.2d 421 (App.Div.2003). In applying this standard, we affirm the denial of defendants' motion for the reasons cogently expressed in Judge Millenky's oral decision of July 9, 2010.[4] We briefly expound on only two particular aspects of his decision.
First, the judge correctly recognized that the settlement agreement left certain details unresolved. Due to the timing of the settlement, the exact form of the contracts to be signed were then unknown. But the settlement agreement also contained an unambiguous understanding that, absent some other future stipulation or agreement, the parties would have no further obligations if the properties did not change hands on or before September 15, 2009.
As it turns out, the parties did disagree about the form of the new contracts. Their moving and opposing papers regarding the Rule 4:50 motion reveal that in the days following the settlement, the parties disputed numerous things about the form and content of the contracts. In ruling on the motion, the judge correctly recognized that, in those circumstances, it was incumbent on defendants to immediately seek his intervention before the deadline elapsed and that nothing except plaintiffs' consent could resurrect defendants' opportunity to purchase the properties after September 15, 2009. Because defendants allowed that deadline to pass, the judge rightly found defendants had abandoned their only opportunity to seek relief from the final judgment entered on June 8, 2009.[5]
This determination dovetails with the alternative basis suggested by the judge for denying the motionthat defendants failed to move for relief in a timely fashion. Defendants argue their motion was timely, relying solely on the fact that they filed their motion within one year of the order in question. In relying upon the one-year time bar in Rule 4:50-2, defendants have misapprehended the Rule's command that all such motions must first be filed "within a reasonable time." In additionas for those motions based on Rule 4:50-1(a), (b) and (c)the Rule bars relief when the motion is filed "more than one year after the judgment, order or proceeding was entered or taken."[6] The Rule does not mean that it is reasonable to *270 file such a motion within one year; the one-year period represents only the outermost time limit for the filing of a motion based on Rule 4:50-1(a), (b) or (c). All Rule 4:50 motions must be filed within a reasonable time, which, in some circumstances, may be less than one year from entry of the order in question. See Bascom Corp. v. Chase Manhattan Bank, 363 N.J.Super. 334, 340, 832 A.2d 956 (App. Div.2003) (holding that Rule 4:50-2 "requires all motions under R[ule] 4:50-1 to be brought within a reasonable time"), certif. denied, 178 N.J. 453, 841 A.2d 91, cert. denied, 542 U.S. 938, 124 S.Ct. 2911, 159 L.Ed.2d 813 (2004); Jackson Constr. Co. v. Ocean Twp., 182 N.J.Super. 148, 161, 3 N.J. Tax 296, 309, 440 A.2d 88 (Tax 1981) (recognizing that because a Rule 4:50-1 motion "was filed within one year after entry of judgment does not make it timely").[7]
We recognize there are few reported decisions interpreting the relationship between the reasonableness requirement and the one-year provision of Rule 4:50-2. The same cannot be said for Federal Rule of Civil Procedure 60(b), which is essentially identical to Rules 4:50-1 and -2, and has been logically interpreted on many occasions as requiring that the motion be filed within "a reasonable time" notwithstanding whether filed within one year.[8] Consequently, federal courts have concluded that delays of less than one year may be unreasonable. See, e.g., McLawhorn, supra, 924 F.2d at 538 (three-and-one-half-month delay); Kagan v. Caterpillar Tractor Co., 795 F.2d 601, 610-12 (7th Cir.1986) (approximate four-month delay); Security Mut. Cas. Co., supra, 621 F.2d at 1068 (three-month delay); West, supra, 361 F.2d at 316 (three-month delay).
In interpreting Rule 4:50-2 in the same way,[9] we conclude that defendants' delay in failing to move for relief prior to September 15, 2009the last possible date upon which the transaction could occur was unreasonable and barred their claim *271 for relief from the June 8, 2009 final order. It is not just the passage of time but the fact that the motion was delayed long past the settlement's stipulated deadline that rendered the delay here unreasonable.
With these additional comments, we affirm the order under review substantially for the reasons set forth in Judge Millenky's comprehensive and thoughtful oral opinion.
Affirmed.
NOTES
[1] Judge Cuff did not participate at oral argument but was joined to the panel for disposition of this appeal with the parties' consent.
[2] Plaintiffs alleged in their complaint that the other two defendants had an equitable interest in the contract to purchase. Our disposition of the appeal does not require that we attempt to ascertain the respective interests of the parties, and we hereafter refer to the purchasers as defendants without drawing any such distinction.
[3] At that time, plaintiff Steven Orner represented he possessed the authority to speak for the other plaintiffs, who were not present. Guang and Susan Liu were also present and acknowledged their authority to speak for all defendants. No one has argued the settlement agreement was unauthorized.
[4] Plaintiffs filed a cross-appeal, apparently for the purpose of challenging the trial judge's denial of plaintiffs' application for counsel fees and sanctions. Plaintiffs, however, failed to present any arguments in their brief in support of the cross-appeal. Accordingly, we dismiss the cross-appeal.
[5] In fact, plaintiffs sold the properties to other persons prior to the filing of defendants' Rule 4:50 motion.
[6] Motions based on other subsections of Rule 4:50-1 are not subject to the one-year bar. See Garza v. Paone, 44 N.J.Super. 553, 557-58, 131 A.2d 32 (App.Div. 1957). They, however, must be filed within a reasonable time, which may be less or greater than one year.
[7] The following comment regarding the manner in which Rule 4:50-2 should be interpreted is erroneous:

The basic theme of the rule is to impose a one-year limitation on motions made pursuant to [Rule 4:50-1(a), (b), or (c)]. Motions made under the remaining subsections must be made within a reasonable time under the circumstances.
[Pressler and Verniero, Current N.J. Court Rules, comment 1 on R. 4:50-2 (2011).]
To the extent this comment suggests motions based on Rule 4:50-1(a), (b) or (c), are timely so long as they are filed within one year, it is incorrect. The "basic theme" of Rule 4:50-2 is that the motionregardless of the subsection relied uponmust be filed within "a reasonable time." And it is not only "the remaining subsections" that are subject to the reasonableness requirement; all such motions must be filed within a reasonable time. Bascom Corp., supra, 363 N.J.Super. at 340, 832 A.2d 956.
[8] See, e.g., Days Inns Worldwide, Inc. v. Patel, 445 F.3d 899, 906 (6th Cir.2006); Berwick Grain Co. v. Illinois Dep't of Agric., 189 F.3d 556, 559 (7th Cir.1999); McLawhorn v. John W. Daniel & Co., 924 F.2d 535, 538 (4th Cir.1991); Fed. Land Bank v. Cupples Bros., 889 F.2d 764, 766 (8th Cir.1989); Meadows v. Dominican Republic, 817 F.2d 517, 520-21 (9th Cir.), cert. denied, 484 U.S. 976, 108 S.Ct. 486, 487, 98 L.Ed.2d 485 (1987); Security Mut. Cas. Co. v. Century Cas. Co., 621 F.2d 1062, 1067-68 (10th Cir. 1980); West v. Gilbert, 361 F.2d 314, 316 (2d Cir.), cert. denied, 385 U.S. 919, 87 S.Ct. 229, 17 L.Ed.2d 143 (1966); Mayfair Extension, Inc. v. Magee, 241 F.2d 453, 454 (D.C.Cir.1957); 12 Moore's Federal Practice § 60.65[1] (3d ed.1998); 11 Wright, Miller & Kane, Federal Practice and Procedure, § 2866 at 389 (1995).
[9] We often look to federal decisions in understanding how our own similar rules may be interpreted. See Baumann v. Marinaro, 95 N.J. 380, 392, 471 A.2d 395 (1984); Hodgson v. Applegate, 31 N.J. 29, 35, 155 A.2d 97 (1959).