**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4412-15T2

WELLS FARGO BANK, NA,

    Plaintiff-Respondent,

v.

ADAM JUDELSON,

    Defendant-Appellant.

_____

Submitted September 27, 2017 — Decided October 23, 2017

Before Judges Fuentes and Manahan.

On appeal from Superior Court of New Jersey, Chancery Division, Essex County, Docket No. F-042765-09.

Adam Judelson, appellant pro se.

Knuckles Komosinski & Manfro, LLP, attorneys for respondent (John E. Brigandi, on the brief).

PER CURIAM

In this mortgage foreclosure matter, defendant Adam Judelson appeals from the June 10, 2016 order of the Chancery Division denying his motion to vacate final judgment. We affirm.

We derive the following procedural history and facts from the record. On May 20, 2008, defendant executed and delivered a promissory note to Wells Fargo Bank NA (Wells Fargo) in the amount of $148,000. To secure payment, defendant delivered a mortgage encumbering the real property located in Newark, New Jersey.

Defendant defaulted under the terms of the note on May 1, 2009. Upon defendant's failure to cure the default, a notice of intention to foreclose was mailed, and on August 12, 2009, Wells Fargo filed the complaint for foreclosure.

Wells Fargo engaged in concerted efforts to serve defendant with the summons and complaint. Wells Fargo attempted service upon defendant through a private process server at the mortgaged property. According to the affidavit of service, an individual acknowledged that defendant did not reside at the mortgaged premises. Wells Fargo then performed a skip trace, which revealed an address for defendant in New York. Additionally, an inquiry through directory assistance was performed to locate a phone number for defendant. Wells Fargo attempted to serve defendant with a summons and complaint at the New York address via certified mail and regular mail. The certified mail was returned as "unclaimed." The regular mail was not returned. Attempts to reach defendant by phone were unsuccessful, as the calls were not answered.

A-4412-15T2

After defendant failed to file a responsive pleading or to appear, Wells Fargo filed a request and certification of default. On December 29, 2009, default was entered against defendant.

Four months later, Wells Fargo notified defendant by certified and regular mail of its intention to proceed with the foreclosure action. After defendant again failed to respond, Wells Fargo filed a motion for application of final judgment.

While the motion was pending, the action was inexplicably dismissed for lack of prosecution. Wells Fargo filed a motion to vacate dismissal and reinstate the case upon notice to defendant via certified and regular mail. The motion was granted. Wells Fargo then filed for final judgment upon service to defendant by certified and regular mail. On March 17, 2015, final judgment was entered.

Over a year after the entry of final judgment, defendant filed a motion to vacate default judgment and final judgment based upon lack of service, arguing a violation of due process. At the conclusion of oral argument, defendant's motion was denied.

Thereafter, defendant filed a motion seeking leave to file an untimely appeal. We denied the motion and limited defendant's appeal to the order denying his motion to vacate the final judgment. This appeal followed.

Defendant raises the following points on appeal:

POINT I

THE APPELLATE DIVISION MUST DECIDE WHETHER THE
TRIAL COURT'S FINDING OF FACT AND CONCLUSION
OF THE LAW FELL SHORT AS TO [WELLS FARGO'S]
AFFIDAVIT OF SERVICE [TO] REFLECT THAT
DEFENDANT WAS NOT SERVED ON DECEMBER 22,
2010[,] AND WHERE DEFENDANT[] REBUTTED BY
CLEAR AND CONVINCING EVIDENCE THAT REFLECT[S]
THAT [HE] WAS NOT SERVE[D] AS A MATTER OF LAW.

POINT II

THE APPELLATE DIVISION MUST DECIDE WHETHER
[WELLS FARGO'S] PROOF TO SUPPORT ITS
APPLICATION FOR ENTRY FOR FINAL JUDGMENT
ESTABLISHED THAT WELLS FARGO BANK, N.A. HAD
LEGAL RIGHT SHOWING OWNERSHIP OR CONTROL OF
THE NOTE UNDER THE UCC ARTICLE 3 REGARDING THE
TRANSFER AND ENFORCEMENT OF NOTE ON OR BEFORE
FINAL JUDGMENT WAS ENTERED AS A MATTER OF LAW.

POINT III

THE APPELLATE COURT MUST [DECIDE] WHETHER THE
TRIAL COURT [FAILED] TO [PERFORM] ITS DUTY BY
PROVIDING DEFENDANT WITH A REASON AS TO WHY
HIS MOTION WAS DENIED WHERE A REVIEW OF THE
TRIAL COURT ORDER SHOWS NO FINDING OF FACT
WITH RELEVANT LEGAL CONCLUSIONS AS [A] MATTER
OF LAW.

We have considered these arguments in light of the record and after consideration of applicable law, and conclude that they lack sufficient merit to warrant extended discussion in a written opinion. R. 2:11-3(e)(1)(E). We add only the following.

Our scope of review of the trial court's ruling on a motion for relief from a judgment or order is exceedingly narrow. As our Supreme Court has observed in a foreclosure context, a trial

court's decision under Rule 4:50-1 "warrants substantial deference, and should not be reversed unless it results in a clear abuse of discretion." U.S. Bank Nat'l Ass'n. v. Guillaume, 209 N.J. 449, 467 (2012) (citations omitted).

Moreover, where a litigant delays more than one year after the entry of a judgment in moving to set it aside, the available grounds for relief under Rule 4:50-1 are more restrictive and do not include claims of "excusable neglect" under subsection (a) of that provision. R. 4:50-2.; Orner v. Liu, 419 N.J. Super. 431, 437 (App. Div.) (recognizing this prescribed "outermost time limit"), certif. denied, 208 N.J. 369 (2011).

Even if the defense of excusable neglect was available to defendant, the record supports that defendant's neglect was inexcusable. Although defendant was not personally served, he was properly served by mail. R. 4:4-4(b)(1)(C). U.S. Bank Nat'l. Ass'n v. Curcio, 444 N.J. Super. 94, 107 (App. Div. 2016). Despite notice of the foreclosure action, defendant did not respond or otherwise appear for six years. It is without dispute that defendant's willful lack of response was not attributable to excusable neglect. See Baumann v. Marinaro, 95 N.J. 380, 394 (1984).

Defendant raises for the first time on appeal that Wells Fargo lacked standing to foreclose the mortgage. Although an

appellate court may consider allegations of error not brought to the trial judge's attention, we frequently decline to consider issues that were not presented before the trial court. Since defendant's claim does not go to the jurisdiction of the trial court, nor does it concern matters of substantial public interest, we will not consider the claim on appeal. See State v. Robinson, 200 N.J. 1, 20-22 (2009); State v. Arthur, 184 N.J. 207, 327 (2005); Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973); see Pressler & Verniero, Current N.J. Court Rules, comment on R. 2:6-2 (2015).

In closing, we are satisfied that the factual findings of the court concerning defendant's contentions are fully supported by the record and, in light of those facts, the legal conclusions drawn therefrom are unassailable.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION