NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4693-15T1

BANK OF AMERICA, N.A.,

 Plaintiff-Respondent,

v.

CHRISTOPHER J. ARTEAGA and
VIVIANA J. ARTEAGA, his wife,
each of their heirs,
devisees, and personal
representatives, and his,
her, their, or any of their
successors in right, title,
and interest; BERGENWOOD
COMMONS ASSOCIATION, INC.,
and PORTFOLIO RECOVERY
ASSOCIATES,

 Defendants.
___________________________________

 Submitted September 6, 2017 – Decided November 15, 2017

 Before Judges Alvarez and Gooden Brown.

 On appeal from the Superior Court of New
 Jersey, Chancery Division, Hudson County,
 Docket No. F-015602-14.

 Law Offices of Abe Rappaport, attorney for
 appellant 4521 Smith Unit 6-1C Associates, LLC
 (Kevin J. Bloom, on the briefs).

 Powers Kirn, LLC, attorney for respondent
 (Jeanette J. O'Donnell, on the brief).
PER CURIAM

 Appellant third-party bidder, 4521 Smith Unit 6-1C

Associates, LLC, moved to vacate an April 1, 2016 Chancery Division

order setting aside a Sheriff's sale on the ground that appellant

failed to complete the sale. The trial court denied appellant's

motion on June 28, 2016. Appellant now appeals from the June 28,

2016 order, arguing it was never served with plaintiff Bank of

America's motion papers to set aside the Sheriff's sale. Appellant

also argues that the court erred in finding that its motion was

filed out of time. We disagree and affirm.

 We derive the following facts from the record. On April 21,

2014, plaintiff filed a foreclosure complaint and obtained a final

judgment in its favor on March 17, 2015. On December 17, 2015, a

Sheriff's sale was conducted of the foreclosed-upon property, and

appellant was the successful bidder with a bid of $116,000. Under

the terms of the sale, appellant was required to "pay 20% of the

purchase price at the close of the sale" with the balance to be

paid within thirty days. The sale terms also specified that "[i]f

the purchaser fails to comply with any of the conditions of sale,

the property will be sold a second time, the former purchaser

being held responsible for all losses and expenses[,]" and "[t]he

deposit . . . to be retained by the Sheriff to be disbursed by

court order."

 2 A-4693-15T1
 Appellant failed to complete the sale by paying the balance

by the due date as required under the terms of the sale. On

January 20, 2016, plaintiff sent appellant a letter requesting

that the sale be completed within ten days of the date of the

letter or plaintiff would move to set aside the sale. When

appellant failed to comply, on March 10, 2016, plaintiff moved to

vacate the Sheriff's sale, which was granted by the court in an

April 1, 2016 order.

 On May 10, 2016, appellant moved to vacate the April 1, 2016

order to allow it to complete the sale, certifying that it did not

receive a copy of plaintiff's motion and did not therefore have

an opportunity to oppose it. In opposing appellant's motion,

plaintiff certified that the moving papers were sent via regular

and certified mail to the same address as the April 1, 2016 order.

Plaintiff averred that while the certified mail "was returned

unclaimed[,] the regular mail was not returned." On June 28,

2016, the court denied appellant's motion.

 In the statement of reasons accompanying the June 28, 2016

order, the court characterized appellant's motion as essentially

seeking reconsideration of the court's April 1, 2016 order. As a

result, the court determined that pursuant to Rule 4:49-2,

appellant's motion for reconsideration was out of time because it

"was served and filed on May 10, 2016, [thirty-nine] days after

 3 A-4693-15T1
the [c]ourt's [o]rder granting [p]laintiff's motion to vacate the

Sheriff's [s]ale." Because Rule 4:49-2 requires a motion for

reconsideration to be filed "no later than [twenty] days after the

service of the [o]rder[,]" the court denied appellant's motion "as

untimely."

 Nonetheless, the court considered appellant's motion on the

merits, but rejected appellant's argument "that service was not

properly effectuated[.]" The court found plaintiff's assertion

that it did not receive the original motion to vacate

"disingenuous[,] as [appellant's] counsel received a copy of the

[April 1, 2016] [o]rder, which was sent to the same address as the

motion." The court concluded there was "no basis in fact or law

to overturn its April 1, 2016 [o]rder[,]" particularly given the

fact that appellant was "now seeking to complete the sale after

forfeiting their deposit." This appeal followed.

 On appeal, appellant raises the following points for our

consideration:

 POINT I

 APPELLANT'S MOTION WAS NOT FILED OUT OF TIME.

 POINT II

 PLAINTIFF'S ORDER TO SET ASIDE SHERIFF'S SALE
 MUST BE VACATED BECAUSE APPELLANT NEVER
 RECEIVED THE MOTION.

 4 A-4693-15T1
 POINT III

 PRINCIPLES OF EQUITY COMPEL THE COURT NOT TO
 SET ASIDE A SHERIFF'S SALE WHERE THE
 SUCCESSFUL BIDDER DESIRES TO COMPLETE THE
 SALE.

 In Point I, appellant argues that the court erred in

considering its motion as a motion for reconsideration pursuant

to Rule 4:49-2, instead of a motion to be relieved from a judgment

or order pursuant to Rule 4:50-1. Appellant asserts that, in so

doing, the court erroneously rejected its motion as untimely. Rule

4:49-2 requires "a motion for rehearing or reconsideration seeking

to alter or amend a judgment or order [to] be served not later

than [twenty] days after service of the judgment or order upon all

parties by the party obtaining it." Pursuant to Rule 1:3-4(c),

"[n]either the parties nor the court may . . . enlarge the time

specified by . . . [Rule] 4:49-2[.]" Reconsideration is

appropriate only in those cases "in which either 1) the [c]ourt

has expressed its decision based upon a palpably incorrect or

irrational basis, or 2) it is obvious that the [c]ourt either did

not consider, or failed to appreciate the significance of

probative, competent evidence." D'Atria v. D'Atria, 242 N.J.

Super. 392, 401 (Ch. Div. 1990). We review a court's determination

of a motion for reconsideration under an abuse of discretion

 5 A-4693-15T1
standard. Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div.

1996).

 Rule 4:50-1 authorizes a court to relieve a party from a

final judgment or order for reasons such as: mistake, inadvertence,

surprise, or excusable neglect, R. 4:50-1(a); certain newly

discovered evidence, R. 4:50-1(b); fraud, misrepresentation, or

other misconduct of an adverse party, R. 4:50-1(c); the fact that

the judgment or order is void, R. 4:50-1(d); or the fact that the

judgment has been satisfied, released or discharged, R. 4:50-1(e).

Rule 4:50-1(f) is a catch-all provision that authorizes a court

to relieve a party from a judgment or order for "any other

reason[.]" "All Rule 4:50 motions must be filed within a

reasonable time, which, in some circumstances, may be less than

one year from entry of the order in question." Orner v. Liu, 419

N.J. Super. 431, 437 (App. Div.), certif. denied, 208 N.J. 369

(2011); R. 4:50-2. We also review a court's determination of a

Rule 4:50-1 motion under an abuse of discretion standard. Johnson

v. Johnson, 320 N.J. Super. 371, 378 (App. Div. 1999).

 Appellant's May 10, 2016 motion was captioned "Notice of

Motion to Vacate Order" and indicated that appellant would seek

"an [o]rder to vacate the order setting aside the [S]heriff's sale

that was entered on April 1, 2016." The notice of motion stated

that in support of the motion, appellant would rely upon the

 6 A-4693-15T1
accompanying "[c]ertification" and "letter brief." Nowhere in the

notice of motion, supporting certification, or letter brief did

appellant refer to Rule 4:50-1. Nowhere in its merits brief does

appellant suggest that it specifically asked the trial court to

consider its motion under Rule 4:50-1. Under these circumstances,

we conclude the court did not err by considering the motion under

Rule 4:49-2 and denying it as untimely filed.

 In Point II, appellant renews its argument that although the

motion papers were sent to appellant via regular and certified

mail, the certified mail was returned to plaintiff as undelivered.

As a result, appellant asserts the court erred in finding that

service was properly effectuated. We disagree. It is fundamental

that a party is entitled to notice of any motion, including a

dispositive motion. See Pressler & Verniero, Current N.J. Court

Rules, comment 2 on R. 1:6-2 (2018) ("It is virtually axiomatic

that . . . all motions must be on notice to the adverse party.");

see also R. 1:6-3. However, Rule 1:6-3(c) provides that if service

of motion papers "is by ordinary mail, receipt will be presumed

on the third business day after mailing." Here, there is ample

evidence in the record to support the court's conclusion that

service was properly effectuated.

 Finally, in Point III, appellant argues that because it fully

intended to complete the purchase of the property, principles of

 7 A-4693-15T1
equity require reversal so that it may be permitted to complete

the purchase without the need for the Sheriff's office to institute

an additional and unnecessary Sheriff's sale. We have considered

this argument and reject it as without sufficient merit to warrant

discussion in a written opinion. R. 2:11-3(e)(1)(E).

 Affirmed.

 8 A-4693-15T1