**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1929-19T3

BMO HARRIS BANK, N.A.,

    Plaintiff-Respondent,

v.

RWB TRUCKING, INC.,

    Defendant,

and

BLAKE ELFAND,

    Defendant-Appellant.

_____

Submitted December 14, 2020 – Decided January 22, 2021

Before Judges Hoffman and Suter.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Docket No. L-2786-16.

Hegge & Confusione, LLC, attorneys for appellant (Michael Confusione, of counsel and on the briefs).

Wong Fleming PC, attorneys for respondent (James K. Haney, on the brief).

PER CURIAM

In January 2017, a default judgment for $166,061.14 was entered in favor of BMO Harris Bank, N.A. (BMO), against defendants RWB Trucking, Inc. (RWB Trucking) and Blake Elfand (defendant), giving possession of certain equipment to BMO. The court ordered the sale of defendant's real estate in July 2019 to pay the judgment. Defendant's motion to vacate the default judgment and the order to sell real estate was denied on September 19, 2019. Defendant appeals that order and the December 6, 2019 order denying his motion for reconsideration. We affirm both orders.

I.

Defendant was the president of RWB Trucking in 2014 when it executed two loan and security agreements for the purchase of three trucks: a 2015 Great Dane refrigerated van and a 2013 Thermo King for $72,889.80, and a 2015 Freightliner truck for $178,871.76. Defendant executed a separate "continuing guaranty" for each of the agreements, committing to promptly pay all "liabilities, obligations and indebtedness" of RWB Trucking. RWB Trucking defaulted on the loans in April and May 2016.

On October 14, 2016, BMO filed a complaint against defendants, seeking a judgment and possession of the equipment. BMO sued RWB Trucking for

breach of contract and defendant for breach of the continuing guaranty. BMO sued both defendants for replevin of the equipment.

Defendants did not answer the complaint. On January 23, 2017, BMO obtained a final judgment by default against defendants for $166,061.14 and for possession of the equipment.

BMO served an information subpoena on defendants in early February 2017, but they did respond. The court granted BMO's motion to enforce litigant's rights, requiring defendants to answer the information subpoena by early April 2017, but defendants did not respond.

BMO assigned the judgment to Guaranty Solutions Recovery Fund 1, LLC (plaintiff) in September 2018. Plaintiff served defendants with another information subpoena in April 2019, but defendants did not respond. The court granted plaintiff's motion to enforce litigant's rights on June 7, 2019, requiring defendants to respond to an information subpoena in ten days, but defendants did not respond.

On July 9, 2019, plaintiff filed a motion to permit the sale of defendant's real property because its efforts to locate personal property were unsuccessful. The motion was unopposed. On July 26, 2019, the trial court ordered that

3

plaintiff could execute on defendant's real property located in Jackson Township, Ocean County, to satisfy the January 2017 final judgment.

Defendant responded on August 21, 2019, by filing a motion to vacate both the default judgment and the order permitting sale of real property. In his supporting certification, defendant acknowledged he personally guaranteed the loan and security agreements, and that both were in default for non-payment. Defendant did not deny plaintiff was entitled to damages for breach of contract, but argued the judgment was too large because of plaintiff's failure to mitigate its damages.

Based on "information and belief," defendant understood that collateral insurance covered the loan and security agreements, and both would be made whole in the event of a default. He claimed he made "numerous requests" for plaintiff to repossess the collateral, but it was stolen from storage in Florida in December 2016. Defendant argued — based on paragraph three of plaintiff's complaint — that if the collateral were liquidated, plaintiff's damages would be $67,171 rather than $166,061.14.

Defendant acknowledged being served with the complaint "on or about November 1, 2016," but he could not afford counsel and did not file an answer. He also contemplated filing a motion to extend time to answer. Defendant said

4

his "financial problems and mental disarray" were further frustrated by a fire that destroyed his California home in 2017. Defendant argued it was unfair to require the sale of his home in New Jersey when plaintiff did not mitigate its damages and because the default judgment was entered without a proof hearing on damages.

The trial court denied defendant's motion on September 19, 2019. In its written opinion, the trial court found defendant failed to show excusable neglect for not answering the complaint. Defendant could have represented himself and filed an answer even if he did not have the financial resources to retain counsel. The court found defendant did not assert a meritorious defense. Defendant "was presumably in possession and had care custody and control of the collateral at the time it was allegedly stolen." His certification, based on "information and belief," that he thought there was collateral insurance was "without merit" because the loan agreements specified defendant was to maintain this insurance.

Defendant requested reconsideration, arguing in his pro se submission that his counsel misunderstood the issues and had not responded properly. He claimed "when BMO . . . terminated the loan by acceleration or setting it for repossession[,] they terminated the entire loan agreement, thus making the insuring of the equipment their responsibility." Defendant explained he did not

simply "forget about [the complaint] and do nothing." He moved to California to run his business with the expectation of making a profit, but in October 2017, his farm and home in California were destroyed by a fire. All the correspondence his wife mailed him was destroyed in the fire before he had a chance to read it. He was not aware of further litigation until moving back to New Jersey and receiving the notice in 2019 about selling his New Jersey real estate. He argued the failure of his trucking company in New Jersey and his investment in California, the destruction of his home in California and all of the correspondences, destroyed his "financial means," constituting excusable neglect and exceptional circumstances for not answering the complaint.

The trial court denied defendant's motion for reconsideration on December 6, 2019. It explained the motion failed to meet the standards for reconsideration.

On appeal, defendant argues the trial court erred by denying his motion to vacate the default judgment and to sell real-estate, and again by denying his motion for reconsideration.

## II.

"The trial court's determination under [Rule 4:50-1] warrants substantial deference, and should not be reversed unless it results in a clear abuse of

A-1929-19T3

discretion." U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012). An abuse of discretion "arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Ctny. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. INS., 779 F.2d 1260, 1265 (7th Cir. 1985)).

The trial court did not abuse its discretion by denying defendant's motions. Under Rule 4:50-1, a final judgment may be vacated for reasons including "(a) mistake, inadvertence, surprise, or excusable neglect . . . or (f) any other reason justifying relief from the operation of the judgment or order." A motion to vacate a default judgment brought under Rule 4:50-1(a) for excusable neglect must be made within one year after the judgment is entered. R. 4:50-2. This "one-year period represents only the outermost time limit for the filing of a motion based on [excusable neglect]. All Rule 4:50 motions must be filed within a reasonable time, which, in some circumstances, may be less than one year from entry of the order in question." Orner v. Liu, 419 N.J. Super. 431, 437 (App. Div. 2011).

Defendant's motion to vacate the default judgment was filed well beyond the one-year limit. The judgment was entered on January 23, 2017. Defendant's

motion to vacate was filed August 21, 2019. This did not satisfy the Rule for excusable neglect.

Defendant's pro se submission to the trial court referenced Rule 4:50-1(f). That Rule allows a judgment to be vacated for "any other reason[s] justifying relief from the operation of the judgment or order." R. 4:50-1(f). "Because of the importance that we attach to the finality of judgments, relief under Rule 4:50-1(f) is available only when 'truly exceptional circumstances are present.'" Hous. Auth. of Morristown v. Little, 135 N.J. 274, 286 (1994) (quoting Baumann v. Marinaro, 95 N.J. 380, 395 (1984)). "However, '[b]ecause [Rule] 4:50-1(f) deals with exceptional circumstances, each case must be resolved on its own particular facts.'" Ibid. The Court noted "[c]ourts should use Rule 4:50-1, sparingly [and only] in exceptional situations . . . in which, were it not applied, a grave injustice would occur." Id. at 289. Relief under this Rule must be requested "within a reasonable time." R. 4:50-2.

We agree with the trial court that defendant did not satisfy Rule 4:50-1(f). A default was entered on December 8, 2016, when the complaint was not answered. If defendant could not afford an attorney, he could have represented himself and filed an answer. The default judgment was entered on January 23, 2017. Defendant consulted with an attorney on February 21, 2017. Although

he claims he did not know about the entry of the judgment at that time, there was nothing preventing him from obtaining this information. The fire in California occurred in October 2017. This was well after entry of the default and default judgment. Therefore, neither the fire nor the lack of ability to pay for an attorney constituted exceptional circumstances for having not responded to this litigation.

The trial court did not abuse its discretion in concluding there was not a meritorious defense to the judgment. Defendant argues plaintiff did not mitigate damages because it failed to carry collateral insurance on the vehicles and did not move quicky to repossess them. He acknowledges these arguments are not a defense to the underlying judgment but are aimed at reducing the amount of the judgment. However, plaintiff was not required to provide collateral insurance for the vehicles. The contract provides "[d]ebtor agrees to maintain insurance on the [e]quipment for the actual cash value thereof and for the life of this Agreement . . . ." Under the contract, it was the debtor who "shall at all times bear all risk of loss . . . ." There was nothing in the guaranty that provided for termination of the insurance requirement when plaintiff accelerated the loans. The guaranty that defendant signed was a "continuing" guaranty. It continued by its own terms. It was "an absolute and unconditional guarantee of

A-1929-19T3

payment" and applied to "present and future liabilities, obligations and indebtedness . . . whether . . . matured or un-matured."

Defendant argues that plaintiff was not timely in seeking repossession of the vehicles. He acknowledges receiving notice about repossession only to learn the equipment was stolen about a month later. Defendant could have safeguarded the vehicle against theft to mitigate his own damages.

Defendant also appeals the order denying his motion for reconsideration. We review a motion for reconsideration for abuse of discretion. "[A] trial court's reconsideration decision will be left undisturbed unless it represents a clear abuse of discretion." Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015). "Reconsideration is a matter within the sound discretion of the Court, to be exercised in the interest of justice." D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990). Reconsideration should only be granted where "1) the Court has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the Court either did not consider, or failed to appreciate the significance of probative, competent evidence." Ibid.

We agree with the trial court that defendant did not satisfy the standard for reconsideration. He did not provide new evidence that was not considered

or show that the trial court's decision was palpably incorrect, or that it failed to consider relevant evidence.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1929-19T3