**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1669-22

EL AEMER EL MUJADDID,

     Plaintiff-Appellant,

v.

CITY OF VINELAND, MUNICIPAL
COURT ADMINISTRATORS,
MUNICIPAL COURT JUDGE,
INEZ ACCOSTA, DONNA
BUCKMAN, JONATHAN FLYNN,
JENNIFER WEBB-MCRAE, LYNN
A. WEHLING, ROSEMARIE
GALLAGHER, CUMBERLAND
COUNTY PROSECUTORS,
STATE OF NEW JERSEY, and
SUPERIOR COURT OF NEW
JERSEY, CUMBERLAND/
GLOUCESTER/SALEM
VICINAGE, CRIMINAL
DIVISION,

     Defendants-Respondents.

_____

Argued May 22, 2024 – Decided July 3, 2024

Before Judges Vernoia and Gummer.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. L-4550-13.

El Aemer El Mujaddid, appellant, argued the cause pro se.

Brian C. Conley argued the cause for respondents City of Vineland, Municipal Court Administrators, Municipal Court Judge, Inez Acosta, and Donna Buckman (MacMain Leinhauser, attorneys; Brian C. Conley, on the brief).

Andrew Spevack, Deputy Attorney General, argued the cause for respondents Lynn A. Wehling, Rosemarie Gallagher, and Superior Court of New Jersey, Cumberland/Gloucester/Salem Vicinage, Criminal Division (Matthew J. Platkin, Attorney General, attorney; Janet Greenberg Cohen, Assistant Attorney General, of counsel; Christine A. Barris, Deputy Attorney General, on the brief).

PER CURIAM

Plaintiff El Aemer El Mujaddid appeals from a February 3, 2023 order denying his motion to vacate orders issued in 2014 that dismissed his civil lawsuit against defendants.[1] Perceiving no abuse of discretion, we affirm.

Plaintiff initiated this action by filing a "Verified Complaint in Lieu of Prerogative Writs" on June 18, 2013. He subsequently filed with leave of court a first amended complaint and a second amended complaint. In his second

_____

[1] Plaintiff was formerly known as Cornell C. Dixon.

amended complaint, plaintiff made claims relating to criminal charges that had been filed against him in 2010 and dismissed on June 20, 2013, and a criminal complaint he had filed in 2013 against a police detective, which was dismissed on October 3, 2013.

In a July 1, 2014 order and written opinion, the trial court granted a motion to dismiss the complaint pursuant to Rule 4:6-2(e), which had been filed on behalf of defendant Rosemarie Gallagher and "the Superior Court Cumberland/ Gloucester/Salem Vicinage, Criminal Division."[2] The remaining defendants subsequently moved to dismiss the complaint. The court granted their motions in an order and a written opinion dated August 1, 2014.[3] Plaintiff moved to vacate the July 1, 2014 and August 1, 2014 orders. The court denied that motion in a September 15, 2014 order, finding it lacked jurisdiction pursuant to

---

[2] Plaintiff named the division as a defendant in his initial complaint. The division was included in the dismissal motion, which was filed two days before plaintiff filed the second amended complaint. He did not name the division as a defendant in the second amended complaint.

[3] The record contains an August 1, 2014 order granting a motion to dismiss "with respect to defendants Cumberland County, Cumberland County Prosecutor, Jennifer Webb-McRae, Jonathan Flynn, and Lynn Wehling." The order does not reference the other defendants. However, in the August 1, 2014 opinion, the court clearly stated it was granting a motion to dismiss filed on behalf of "defendants Inez Accosta, Donna Buckman, the City of Vineland, and 'City of Vineland Municipal Judge.'"

A-1669-22

Rule 2:9-1 because plaintiff had appealed the orders. Plaintiff's appeal was dismissed on August 19, 2015, for failure to prosecute.[4]

In early 2023, plaintiff moved "For Amendment; to Correct; to Reopen; And For Relief From Judgment or Orders pursuant to Common Law," with respect to the July 1, 2014 and August 1, 2014 orders, citing Rules 1:13-1, 1:7-4, and 4:50-1(b)-(f). Plaintiff submitted a certification in support of the motion in which he contended, among other things, defendants and their counsel had taken inconsistent positions and made misrepresentations and the court's opinions were inconsistent and erroneous. Plaintiff also submitted a certification in which he accused the "Vineland defendant[s]" of "falsely altering CDR 2 (Arrest Warrant Applications) . . . issued by a County Detective after they were adjudicated . . . ." He stated the Vineland Municipal Court Administrator had emailed him on or about January 25, 2023, "altered versions" of "three CDR 2," describing them as "exculpatory evidence" in the prior criminal case against him and as new evidence of a "cover-up."

---

[4] In his amended notice of appeal, plaintiff stated he was appealing the July 1, 2014 and August 1, 2014 orders "as within time." He subsequently moved for leave to reopen his previously dismissed appeal. We denied that motion in a March 29, 2023 order, directing that "[t]his appeal shall continue only as to the February 3, 2023 trial court order in accordance with Rule 2:4-1."

After hearing argument, the motion judge denied the motion in a decision placed on the record and an order entered on February 3, 2023. The judge found plaintiff's motion was untimely and that plaintiff's purportedly newly-discovered evidence was "cumulative," related to issues that had "been raised before," and did "not warrant vacating" the orders.

On appeal, plaintiff argues the motion judge abused his discretion in denying the motion, focusing on the judge's alleged failure to give due consideration to purportedly new evidence, which he described as the

> 2023 New Forged eCDR Arrest Warrant applications . . . on electronic forms approved by the administrative office of the Court in the year 2017 and identified by the NJCDR-2 (eCDR-2) format date 01/01/2017, which is a format created seven (7) years . . . from the date [d]efendant Wehling created the foregoing 2010 Forged Arrest Warrant applications . . . on NJCDR-2 - 8/01/2005 format . . . .

Plaintiff faults the motion judge for failing to consider the differences between the "Sham 2023 New Forged eCDR Arrest Warrant Applications that were generated by [d]efendant Wehling after January 1, 2017, and the Original Sham NJCDR-2-8/1/2005 applications that were created by [d]efendant Wehling on April 21, 2010" and for not "adjudicat[ing]" arguments based on Rule 4:50-1(e) and (f). Plaintiff also makes numerous arguments about why, in his view, the court erred in entering the 2014 orders.

"Relief under Rule 4:50-1, except for relief from default judgments, is 'granted sparingly,' and in exceptional circumstances." MTAG v. Tao Invs., LLC, 476 N.J. Super. 324, 333 (App. Div. 2023) (quoting F.B. v. A.L.G., 176 N.J. 201, 207 (2003)), certif. denied, 255 N.J. 447 (2023). "The decision whether to vacate [an order] on one of the six specified grounds is a determination left to the sound discretion of the trial court, guided by principles of equity." Ibid. (quoting F.B., 176 N.J. at 207). An abuse of discretion occurs when a decision was "made without a rational explanation, inexplicitly departed from established policies, or rested on an impermissible basis." Savage v. Twp. of Neptune, 472 N.J. Super. 291, 313 (App. Div. 2022) (quoting Wear v. Selective Ins. Co., 455 N.J. Super. 440, 459 (App. Div. 2018)). "When examining a trial court's exercise of discretionary authority, we reverse only when the exercise of discretion was 'manifestly unjust' under the circumstances." Newark Morning Ledger Co. v. N.J. Sports & Exposition Auth., 423 N.J. Super. 140, 174 (App. Div. 2011) (quoting Union Cnty. Improvement Auth. v. Artaki, LLC, 392 N.J. Super. 141, 149 (App. Div. 2007)).

"Rule 4:50-1 provides for relief from a judgment [or order] in six enumerated circumstances." D.M.C. v. K.H.G., 471 N.J. Super. 10, 26 (App. Div. 2022) (quoting In re Est. of Schifftner, 385 N.J. Super. 37, 41 (App. Div.

2006)).  "[T]he rule is a carefully crafted vehicle intended to underscore the need for repose while achieving a just result."  Ibid. (quoting DEG, LLC v. Twp. of Fairfield, 198 N.J. 242, 261 (2009)).  "Thus, the rule 'denominates with specificity the narrow band of triggering events that will warrant relief from judgment if justice is to be served' and '[o]nly the existence of one of those triggers will allow a party to challenge the substance of the judgment.'"  Ibid. (alteration in original) (quoting DEG, 198 N.J. at 261-62).

Rule 4:50-1 provides the following:

> On motion, with briefs, and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment or order for the following reasons:  (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which would probably alter the judgment or order and which by due diligence could not have been discovered in time to move for a new trial under R. 4:49; (c) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (d) the judgment or order is void; (e) the judgment or order has been satisfied, released or discharged, or a prior judgment or order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or order should have prospective application; or (f) any other reason justifying relief from the operation of the judgment or order.

"Rule 4:50-2 provides the time frame within which a motion seeking relief under Rule 4:50-1 must be filed."  Romero v. Gold Star Distrib., LLC, 468 N.J.

7

Super. 274, 296 (App. Div. 2021).  Pursuant to Rule 4:50-2, "[t]he motion shall be made within a reasonable time, and for reasons (a), (b) and (c) of R[ule] 4:50-1 not more than one year after the judgment, order or proceeding was entered or taken."

> This expressly means that motions under subsections (a), (b) and (c) must be filed within a "reasonable time" and "not more than one year after the judgment," . . . while motions under subsections (d), (e) and (f) must be brought within a "reasonable time," which could be more or less than one year after the judgment, depending on the circumstances.
>
> [Romero, 468 N.J. Super. at 296 (quoting Orner v. Liu, 419 N.J. Super. 431, 437 (App. Div. 2011)).]

"[A] reasonable time is determined based upon the totality of the circumstances."  Ibid.

Filed more than eight years after entry of the orders plaintiff seeks to vacate, plaintiff's motion, as the motion judge correctly found, was untimely as to paragraphs (b) and (c) of Rule 4:50-1.  Plaintiff urges us to disregard that express time limitation.  But setting aside the time limitation would have no impact because plaintiff has not demonstrated fraud on the court or that the purportedly newly-discovered evidence – "2023 New Forged eCDR Arrest Warrant applications . . . on electronic forms approved by the administrative office of the Court in the year 2017" – would have resulted in a different decision

8

on the 2014 dismissal motions.  See DEG, 198 N.J. at 264 ("To obtain relief . . . based on newly discovered evidence, the party seeking relief must demonstrate 'that the evidence would probably have changed the result, that it was unobtainable by the exercise of due diligence for use at the trial, and that the evidence was not merely cumulative.'" (quoting Quick Chek Food Stores v. Twp. of Springfield, 83 N.J. 438, 445 (1980))).

Plaintiff omits from his appeal any argument the motion judge erred by not granting him relief under paragraph (d) of Rule 4:50-1.  See N.J. Dep't of Env't Prot. v. Alloway Twp., 438 N.J. Super. 501, 505 n.2 (App. Div. 2015) (finding "[a]n issue that is not briefed is deemed waived upon appeal").  Thus, he waived that issue.  He references paragraph (e) of Rule 4:50-1 but does not explain how he is entitled to relief under that provision.  See Gormley v. Wood-El, 218 N.J. 72, 95 n.8 (2014) (court declines to address an undeveloped argument).  And we don't see a basis for relief.  Paragraph (e) of Rule 4:50-1 permits a court to vacate an order when the "order has been satisfied, released or discharged, or a prior . . . order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the . . . order should have prospective application."  R. 4:50-1(e).  "In essence, the rule is rooted in changed

9

circumstances that call the fairness of the [order] into question." DEG, 198 N.J. at 265-66. Plaintiff has not met that standard.

Paragraph (f) of Rule 4:50-1 provides relief from an order "'only when truly exceptional circumstances are present and only when the court is presented with a reason not included among any of the reasons' set forth in the other exceptions." Parker v. Marcus, 281 N.J. Super. 589, 593 (App. Div. 1995) (quoting Baumann v. Marinaro, 95 N.J. 380, 395 (1984)); see also US Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 484 (2012) (finding a party must demonstrate exceptional circumstances to obtain relief under Rule 4:50-1(f)). When considering a motion for relief under paragraph (f), "a court's obligation is 'to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case.'" LVNV Funding, LLC v. Deangelo, 464 N.J. Super. 103, 109 (App. Div. 2020) (quoting Manning Eng'g, Inc. v. Hudson Cnty. Park Comm'n, 74 N.J. 113, 120 (1977)). "Because R[ule] 4:50-1(f) deals with exceptional circumstances, each case must be resolved on its own particular facts." Baumann, 95 N.J. at 395. The facts of this case do not support a finding of exceptional circumstances entitling plaintiff to relief from orders entered more than eight years before he filed this vacation motion.

To the extent we have not otherwise commented on them, we have duly considered plaintiff's other arguments regarding the February 3, 2023 order and conclude they lack sufficient merit to warrant discussion in a written decision. R. 2:11-3(e)(1)(E).  Because we conclude the motion judge did not abuse his discretion in denying plaintiff's motion to vacate the 2014 orders dismissing this case, we do not reach plaintiff's arguments concerning the 2014 orders.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION