**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1215-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ONE 2004 INFINITY G35,
CLAIMANT – JARVIS
MCCLOUD (R/O),

    Defendant-Appellant.

_____

Submitted April 30, 2025 – Decided July 2, 2025

Before Judges Marczyk and Paganelli.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, DC-008108-17.

Jarvis McCloud, appellant pro se.

Yolanda Ciccone, Middlesex County Prosecutor, attorney for respondent (Susan L. Berkow, Special Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

This appeal stems from a civil forfeiture matter. Claimant, Jarvis McCloud, appeals from the trial court's October 26, 2023 order denying his motion to vacate the default judgment entered in favor of the State. We affirm.

I.

Claimant was arrested and charged with various offenses in April 2017. In June 2017, the State filed a complaint for forfeiture regarding claimant's 2004 Infinity automobile pursuant to N.J.S.A. 2C:64-1 to -13.[1] The court served claimant with the complaint later that month. On July 27, 2017, the court entered an order of conditional dismissal without prejudice subject to reinstatement upon the conclusion of claimant's criminal proceedings.[2] Claimant pled guilty to numerous crimes including robbery and weapon offenses in November 2017.

In October 2018, the State requested the stay be lifted and the forfeiture matter reinstated as claimant's criminal proceedings had been resolved. The matter was subsequently reinstated; however, the State acknowledges "service

---

[1] The vehicle was valued at $2,800.

[2] The State asserts it requested the conditional dismissal after it was served with a copy of claimant's answer.

of the order reinstating [the] matter may have been mailed to [claimant] at the wrong address." Shortly after the stay was lifted, default was entered.

While preparing a motion for final default judgment, the State noticed claimant had not filed his answer with the court. The State forwarded claimant's answer to the court in January and March 2019. However, the court did not accept the answer. In April 2019, the court granted the State's application to enter final default judgment against claimant.

According to claimant, he reached out to the State on May 30, 2021, "requesting an update of the case." Although he asserts he never received the order entering default judgment, he acknowledged he was advised on June 15, 2021, that default judgment was entered against him.

On December 6, 2022, claimant filed a motion to vacate the default judgment.[3] The State opposed the motion. On February 15, 2023, the court entered an order denying claimant's motion to vacate the default judgment. The court reasoned that since claimant "was aware of the judgment in June of 2021,

___

[3] Claimant filed requests to reinstate in November 2021 and again in March 2022. The applications were not properly filed. The court responded on March 10, 2022, with a deficiency notice rejecting claimant's pleading as he did not submit a filing fee and was in default. He was further directed he could "file a motion to vacate the default with [his] answer."

A-1215-23

but did not file his motion until December of 2022, the motion to vacate default judgment [was] denied as untimely pursuant to R[ule] 4:50-2."

Instead of moving to reconsider or appeal the February 15, 2023 order, claimant submitted a notice of motion to file as within time on April 20, 2023. On July 25, 2023, claimant re-filed the same documents, attempting to vacate the default judgment. The State opposed the application. On October 26, 2023, the court again denied claimant's motion as untimely "pursuant to R[ule] 4:50-2."[4]

## II.

Claimant asserts he was incarcerated, denied due process, and his property was taken without him having a chance to present his defense in court. He further contends the State sought to seize his property without showing a prima facie case. Claimant broadly claims the COVID-19 pandemic made it difficult to correspond and communicate from prison on his forfeiture case. He also argues the default judgment violated the Excessive Fines Clause of the Eighth Amendment and the Fourteenth Amendment.

---

[4] Claimant is appealing only from the October 26, 2023 order, not the February 15, 2023 order.

The State counters that even if we accept the date claimant advises he received actual notice of the default judgment—June 15, 2021—and the date he filed his first motion to vacate default—December 6, 2022—claimant is "clearly outside of the proscribed time limit" imposed by Rule 4:50-2. It asserts claimant did not move to reconsider or appeal from the February 15, 2023 order, but instead, "[five] months afterwards," on April 20, 2023, filed a second motion to vacate default. The State contends this was "merely an attempt to bypass the court's order denying his motion to vacate the default judgment, by attempting to rectify his failure to file an answer to the complaint as within time," even though the court clerk notified him a year earlier regarding the appropriate procedure to file an answer. As to claimant's substantive arguments regarding the forfeiture, the State notes this matter only concerns a default judgment and two motions to vacate that default judgment, not the appropriateness of the underlying forfeiture.

"We review a motion under Rule 4:50-1 to vacate final judgment under an abuse of discretion standard." 257-261 20th Ave. Realty, LLC v. Roberto, 477 N.J. Super. 339, 366 (App. Div. 2023) (citing U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012)). "Generally, a decision to vacate a default judgment lies within the sound discretion of the trial court, guided by principles

of equity." Coryell, LLC v. Curry, 391 N.J. Super. 72, 79 (App. Div. 2006). "Although the ordinary 'abuse of discretion' standard defies precise definition, it arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigr. & Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)). "[A] functional approach to abuse of discretion examines whether there are good reasons for an appellate court to defer to the particular decision at issue." Ibid. "However, if a judge makes a discretionary decision but acts under a misconception of the applicable law or misapplies the applicable law to the facts," we "need not extend deference." Johnson v. Johnson, 320 N.J. Super. 371, 378 (App. Div. 1999).

A judgment of default may be "set . . . aside in accordance with R[ule] 4:50." R. 4:43-3. Under Rule 4:50-1, "[o]n motion . . . the court may relieve a party . . . from a final judgment or order for" a multitude of reasons, including "(a) mistake, inadvertence, surprise, or excusable neglect; . . . (d) the judgment or order is void; . . . or (f) any other reason justifying relief from the operation of the judgment or order." Rule 4:50-1 is "designed to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable

notion that courts should have authority to avoid an unjust result in any given case." Guillaume, 209 N.J. at 467 (quoting Mancini v. EDS, 132 N.J. 330, 334 (1993)).

"Rule 4:50-2 provides the time frame within which a motion seeking relief under Rule 4:50-1 must be filed." Romero v. Gold Star Distrib., LLC, 468 N.J. Super. 274, 296 (App. Div. 2021). Any such "motion shall be made within a reasonable time," and if a party brings the motion for the reasons set forth in Rule 4:50-1(a), (b), or (c), said motion "shall be made . . . not more than one year after the judgment, order or proceedings was entered or taken." R. 4:50-2. "[A] reasonable time is determined based upon the totality of the circumstances," and the one-year time limit for motions brought under Rule 4:50-1(a), (b), or (c), "'represents . . . the outermost time limit for the filing of a motion.'" Romero, 468 N.J. Super. at 296 (quoting Orner v. Liu, 419 N.J. Super. 431, 437 (App. Div. 2011)).

Motions to vacate default judgment are "viewed with great liberality, and every reasonable ground for indulgence is tolerated to the end that a just result is reached." Marder v. Realty Constr. Co., 84 N.J. Super. 313, 319 (App. Div. 1964). However, "[t]he party seeking to vacate a default judgment has the 'overall burden of demonstrating that its failure to answer or otherwise appear

A-1215-23

and defend should be excused.'" Romero, 468 N.J. Super. at 294 (quoting Jameson v. Great Alt. & Pac. Tea Co., 363 N.J. Super. 419, 425-26 (App. Div. 2003)).

Claimant learned of the default judgment in June 2021, and did not successfully file his first motion to vacate until December 2022, nearly eighteen months later. Furthermore, claimant knew the forfeiture action was to be reinstated upon the completion of his criminal proceedings. He pled guilty in November 2017, and default judgment was entered against him in April 2019. However, claimant did not reach out to the State for an update on his case until May 2021, over three years after his guilty plea. Thereafter, he waited another year and a half before moving to vacate the default judgment.

Although claimant does not specify the subsection of Rule 4:50-1 upon which he relies, and the trial court did not identify the subsection which it believed governed claimant's application, we are satisfied it was well within the trial court's discretion to deny the motion given the extensive time period claimant was on notice of the default judgment.

Claimant's failure to act more promptly after learning that default judgment had been entered was appropriately considered by the court, and there was ample support in the record for the court's decision. Assuming claimant

was proceeding under <u>Rule</u> 4:50-1(a), (b), or (c), he failed to file his application within one year as set forth in <u>Rule</u> 4:50-2. Moreover, to the extent he sought to rely on any other section under <u>Rule</u> 4:50-2, we determine the court did not misapply its discretion in denying the motion to vacate default judgment, as the motion was not filed within a reasonable time, given that it was not filed until a year and a half after claimant learned of the entry of default judgment. We discern no basis to disturb the court's order.

To the extent we have not addressed any other arguments raised by claimant, we are satisfied they are without sufficient merit to warrant further discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

9